## CHARLESTON

### PLANING MILL CO. *v.* ALDREDGE.

Submitted February 18, 1908.    Decided February 25, 1908.

1. MECHANIC'S LIENS— *Ward's Land—Authority of Guardian.*

     Out of proceeds of a sale of an infant's land in a suit brought by his guardian to sell his land, under Code, chapter 83, the court authorizes the guardian to build a house on other land of the infant. This will not authorize a mechanic's lien for lumber used in construction against the land on which the house stands.    (p. 661.)

2. SAME— *Enforcement.*

     To enable a court of equity to enforce a mechanic's lien, the lien must have legal validity.    (p. 664.)

3. SAME— *Lien on Infant's Land.*

     The mere fact that lumber is used in the construction of a house on an infant's land gives no lien on the land enforceable in equity.    (p. 664.)

Appeal from Circuit Court, Logan County.

Bill by the Logan Planing Mill Company against Cecil Aldredge and others.  Decree for defendants and plaintiff appeals.

.                                        *Affirmed.*

Ellison & England, for appellant.

Chafin & Bland, for appellees.

Brannon, Judge:

Cecil Aldredge, an infant, was the owner of some land in Arracoma in Logan county.  His guardian, James R. Henderson, instituted in the circuit court a proceeding for the sale of some of the infant's land, and a decree was rendered authorizing the sale, and sale was made and confirmed.  The court authorized the guardian to use some of the money coming from the sale in building a house, on the real estate not sold, as a residence and for the benefit of the infant. He did build the house under a contract with W. F. Castle. In the construction of the house The Logan Planing Mill Company furnished Castle lumber and other materials which entered into the construction of the house and it recorded a mechanic's lien against the house and lot, and brought this chancery suit to enforce the lien against the same, and upon the hearing of the suit the court refused to enforce the mechanic's lien and dismissed the bill without prejudice to any right of The Planing Mill Company against Henderson as guardian or as individual.  The Planing Mill Company has brought the case to this Court by appeal.

It is very clear that by our law a guardian has not power to sell or mortgage the land of his ward, unless authorized by statute.  *Hoback* v. *Miller*, 44 W. Va. 635; *Rhea* v. *Shields*, 103 Va. 305.  A court of chancery has no inherent power to do so.  I do not understand that a guardian may build houses on his ward's land, merely under his power as such, with the money of the ward.  He may reasonably repair existing houses to prevent destruction until the infant shall come to full age; but this does not say that he can build new houses, to go to decay or to be destroyed by fire. Woerner on Guardianship, section 175; 21 Cyc. 98.  The common law gives guardians very limited power.  Our Code, chapter 82, section 7, gives him the custody of his ward and

the possession, care and management of his estate, and authorizes him out of it to. provide for the maintenance and education of the ward; but he cannot invade the principal even for bread and raiment, unless a court allow him to do so under section eight of that chapter. This chapter relative to guardians gives a guardian no power to build new houses with his ward's money. Chapter 83, section 7, provides that the proceeds of sale of land sold under court authority under that chapter, "shall be invested under the direction of the court, for the use and benefit of " the infant. Whether such an order as the court made in this case would be justified by that provision we need not say, because we cannot concede that, without authority of the court expressly given to mortgage or create any lien, the guardian may mortgage or create a lien, which may sweep away the infant's land. The order of the court in this case conferred no such authority. It simply gave authority to apply the money to build. It cannot be that this material company can create a lien affecting the very body of the infant's estate, taking his land and imposing chancery costs in the enforcement of a mechanic's lien. The infant could not make a mortgage or mechanic's lien though the expenditure went into permanent improvements. Hogg's Eq. Principles, 692. The guardian could not make a mortgage. An infant cannot appoint an agent. A guardian may be called agent for some purposes, but not for such a purpose as this case presents. But it is argued that as the court gave authority to build the house the power to bind the land even by a mechanic's lien vested in the guardian as an incident to the power to build. We cannot yield to this position. The order of the court did not authorize, even imply it, as we think, and did not contemplate such mechanic's lien. We should require express words in the order, plain intent, to give such authority. In *Payne* v. *Stone*, 7 Smed. & M. 367, is what I think good law fitting this point. " If a person deal with a party, having by law but a limited authority, he can have no right beyond what the authority rightfully exercised would confer. The probate court of Adams county granted to S., guardian, &c., permission 'to erect out of the funds of his wards, a building upon their lot in Natches, of such dimensions and quality as may suit their interest:' *Held*, that the the court did not

thereby intend to authorize the guardian to erect a building upon credit, and thereby destroy the interest of his wards. The probate court has no power to authorize the erection of buildings upon the real estate of minors, which may involve the necessity of selling that estate to pay for them." We find it laid down that the guardian cannot make contracts binding the infant without authority. 16 Am. & Eng. Ency. L. 70. He has no power to convert personalty into realty. He cannot buy a farm or build a house. *Boisseau* v. *Boisseau*, 79 Va. 73, (52 Amer. R. 616.) The powers of a guardian being limited, as above shown, it follows that the authority merely to build could not draw with it the consequence that under such a contract for building between the guardian and contractor a mechanic's lien could be put on the land for the contrartor or those supplying material to the destruction of the infant's estate in the land.

We think the circuit court was right in dismissing the bill, if for no other reason than the want of a valid lien. Of course, there must be a valid lien for equity to enforce. "No equitable lien exists either on behalf of the guardian or party who has contracted with him for the improvements of the ward's lands. Neither party has a right, under the circumstrnces, to the mechanic's lien, unless specifically authorized by statute. As where a probate court had no power to authorize the erection of buildings upon real estate of minors upon credit, nor did it undertake to exercise such power, and the guardian nevertheless erected a building for which there were no sufficient funds to pay, the mechanic has no lien on it, for, if a person deal with a party having by law but a limited authority, he can have no right beyond what the authority rightfully exercised would confer. So, if a probate court grant to guardian permission 'to erect, out of the funds of his wards, a building upon their lot, of such dimensions and quality as may suit their interest,' the authority does not authorize the guardian to erect a building upon credit, and thereby destroy the interest of his wards. Again, where a law gave 'a lien against the owner to the extent of his interest, upon a house, and upon the land on which it stands, for labor done, etc., no lien could be acquired by the builder of a house upon a lot of land owned by the minor daughter of the defendant, although the defendant, in his contract for such

building, claimed to own the lot; nor could he, as such guardian, without authority from a competent court, build a house upon the land of his ward, and charge the expense upon the ward, or create a lien upon the property for the labor and materials in favor of mechanics.'' Phillips on Mechanic's Liens, section 111. 27 Cyc. 65, says: ''The contract of an infant not being binding upon him, a mechanic's lien cannot be predicated thereon, nor will a retention of the property as improved amount to such ratification as to sustain a lien.'' *McCarty* v. *Carter*, 95 Amer. Dec. 572, says: ''Contract Made with Minor to Furnish Labor and Material for the improvement of his property is not binding upon him, and the contractor can claim no lien therefor against the property. Where Minor Contracts for Materials and Labor for the improvement of his property, his receipt of the rents from the property so improved, after he becomes of age, will not amount to a ratification of the contract, so as to give to the contractor a lien upon the property.'' 20 Am. & Eng. Ency. L. (2d ed.) 329.

We hardly deem it necessary, in response to the claim that though the mechanic's lien is not good, yet as the lumber went into the house the infant must pay for it. This would be doing indirectly what he could not do directly and enable an infant to destroy his estate. But, if even this were so, it would be a personal demand, and where any lien for jurisdiction in equity? *McCarty* v. *Carter*, just cited, will sustain this proposition. The use of a building built under an unauthorized contract on an infant's land ''will not ratify the contract so as to subject the land to liens.'' 20 Am. & Eng. Ency. L. (2d ed.) 329.

Decree affirmed.

*Affirmed.*