Points Decided.

'(February 25, 1921.)'

R. B. WRIGHT, as Guardian of the Persons and Estates of
JOSEPH ALBERT· RANKIN, JOHN WILLIAM
RANKIN, FLOYD CRAIG RANKIN, and MARGARET
RUTH RANKIN, Minors, FLORENCE ETHEL
RANKIN, Now RILEY, Appellants, v. A. A. ATWOOD,
as Guardian of the Estate of DONALD THEODORE
ATWOOD, Formerly JAMES EDGAR RANKIN,
DONALD THEODORE ATWOOD, Formerly JAMES
EDGAR RANKIN, a Minor, Respondents.

[195 Pac. 195.]

LIMITATION OF JURISDICTION OF DISTRICT COURT IN PARTITION SUIT—
WHEN AWARD FOR INEQUALITY AGAINST MINOR IS VOID—MORT-
GAGE FOR SUCH AWARD INVALID—JUDGMENT, WHEN SUBJECT TO
COLLATERAL ATTACK.

1. Under the provisions of C. S., sec. 7016, the district court
is without jurisdiction to award compensation in a partition suit
against a minor unless it affirmatively appears that such minor
has personal property sufficient for that purpose.

2. A mortgage given by a guardian for his ward to secure
compensation awarded against such minor in a partition suit is
void, and the decree authorizing its execution may be collaterally
attacked in an action to foreclose such mortgage.

3. In the absence of statutory authority, a court is without
power to direct or authorize a guardian to mortgage his ward's
property.

4. The judgment of a court of general jurisdiction may be
collaterally attacked when such court has exceeded the power con-
ferred upon it by statute, although it may have had jurisdiction
of the subject matter and of the parties to the suit.

APPEAL from the District Court of the Third Judicial
District, for Ada County. Hon. Carl A. Davis, Judge.

Action to foreclose mortgage. Judgment of dismissal.
Plaintiff appeals. *Affirmed.*

4. Collateral attack upon judgments, see notes in 94 **Am. Dec.** 766;
23 **Am. St.** 104.

J. L. Niday and J. J. Blake, for Appellants.

The phrase "subject matter" as used in an inquiry as to the jurisdiction means the thing in issue or the authority of the court to exercise judicial power over the class of cases or proceedings to which the one under consideration belongs. (Brown on Jurisdiction, sec. 1a; *Richardson v. Ruddy*, 15 Ida. 494, 98 Pac. 842; *Tube City etc. Co. v. Otterson*, 16 Ariz. 305, 146 Pac. 203.)

If the court has jurisdiction of the "subject matter," and the party litigant invokes such jurisdiction, he cannot afterward be heard to question it. (*Wayne v. Alspach*, 20 Ida. 144, 116 Pac. 1033.)

Where it is once made to appear that a court has jurisdiction, both of the subject matter and of the parties, the judgment which it pronounces must be held conclusive and binding upon the parties thereto and their privies, notwithstanding the court may have proceeded irregularly or erred in its application of the law. (Cooley, Const. Limitations, 1st ed., sec. 408 et seq.; *McIver v. Stephens*, 101 N. C. 255, 7 S. E. 695; *Mortgage Trust Co. of Pa. v. Redd*, 38 Colo. 458, 120 Am. St. 132, 88 Pac. 473, 8 L. R. A., N. S., 1215; *Johnson v. McKennon*, 54 Fla. 221, 127 Am. St. 135, 14 Ann. Cas. 180, 45 So. 23, 13 L. R. A., N. S., 874; *Maloney v. Dewey*, 127 Ill. 395, 11 Am. St. 131, 19 N. E. 848.)

A judgment of a court within its jurisdiction is not subject to collateral attack for any errors committed by the court in the course of its proceedings, and it is immaterial how irregular the proceedings may have been. (*Knight v. United Land Assn.*, 142 U. S. 161, 12 Sup. Ct. 258, 35 L. ed. 974, see, also, Rose's U. S. notes; *Ex parte Ah Men*, 77 Cal. 198, 11 Am. St. 263, 19 Pac. 380; *Crim. v. Kessing*, 89 Cal. 478, 23 Am. St. 491, 26 Pac. 1074; note, 12 L. R. A. 576.)

In the absence of fraud or collusion, minors properly represented are bound as fully as if they had been majors. (*Kromer v. Friday*, 10 Wash. 621, 39 Pac. 229, 32 L. R. A.

671; *Kingsbury v. Buckner,* 134 U. S. 650, 33 L. ed. 1047, see, also, Rose's U. S. notes.)

The decree in partition cannot be attacked collaterally in the foreclosure of said mortgage. (15 R. C. L., sec. 335; *Koepke v. Hill,* 157 Ind. 172, 87 Am. St. 161, 60 N. E. 1039.)

Parties to an action or proceeding will not be permitted to attack the judgment rendered therein collaterally, except where such judgment was absolutely void for want of jurisdiction. (*Bennett v. Wilson,* 133 Cal. 379, 85 Am. St. 207, 65 Pac. 880; *McLoud v. Selby,* 10 Conn. 390, 27 Am. Dec. 689; *Weigley v. Matson,* 125 Ill. 64, 8 Am. St. 335, 16 N. E. 881; *Atkinson v. Allen,* 12 Vt. 619, 36 Am. Dec. 361.)

Upon collateral attack, every presumption will be indulged in support of a judgment. (*Colton Land & Water Co. v. Swartz,* 99 Cal. 278, 33 Pac. 878; *In re Sullivan's Estate,* 40 Wash. 202, 111 Am. St. 895, 82 Pac. 298; *Young v. Lorain,* 11 Ill. 624, 25 Am. Dec. 463.)

Ira E. Barber and W. H. Davison for Respondents.

Where a judgment is partially valid and partially void, such portion of the judgment as is void is merely a nullity, and as such open to attack collateral or otherwise. (30 Cyc. 306, 307.)

When courts are acting under special or limited statutory powers and not within the scope of their general powers, they stand upon the same footing as do courts under limited jurisdiction. (*Richardson v. Seevers, Admr.,* 84 Va. 259, 4 S. E. 712.)

The district court had no power to assess compensation in this case, neither had it power to direct the guardian to mortgage, and the consent of the parties did not confer the power. (*Applegate v. Dowell,* 15 Or. 513, 16 Pac. 651; *McNeill v. Hodges,* 99 N. C. 248, 6 S. E. 127; *Waldron v. Harvey,* 54 W. Va. 608, 102 Am. St. 959, 46 S. E. 603; *Ringgenberg v. Hartman,* 124 Ind. 186, 24 N. E. 987; Freeman on Execution, 4th ed., 120; *Roberts v. Lindley,* 121 Ind. 56, 22 N. E. 967.)

Assuming that the judgment for compensation was a nullity, because of the statute, it can be treated as such without vitiating the valid elements of the judgment. (Van Fleet on Collateral Attack, 4th ed., 740.)

The guardian has no power to mortgage the ward's real estate, unless authorized by order of court in pursuance of a statute empowering the court to make such order. (21 Cyc. 84, and cases cited.)

Under statute similar to ours, a mortgage of the real estate of the ward by the guardian held absolutely void, and the order to make the mortgage *coram non judice.* (*Trutch v. Bunnell,* 11 Or. 58, 50 Am. Rep. 456, 4 Pac. 588.)

LEE, J.—This is an action brought by R. B. Wright, as guardian of the persons and estates of Joseph Albert, John William, Floyd Craig and Margaret Ruth Rankin, minors, and Florence Ethel Rankin, now Riley, against A. A. Atwood, as guardian of the estate of Donald Theodore Atwood, formerly James Edgar Rankin, a minor, and said Donald Theodore Atwood, a minor, to foreclose a mortgage given by respondent A. A. Atwood, as guardian of said Donald Theodore Atwood, for compensation on account of inequality in partial partition of property owned by said Rankins, who are all heirs at law of J. E. Rankin, deceased.

The complaint in foreclosure sets forth, as part of such complaint, the record of the partition suit, and shows that Donald Theodore Atwood, formerly known as James Edgar Rankin, by his guardian, A. A. Atwood, filed a petition in the district court of the third judicial district of the state of Idaho, in and for Ada county, for the partition, or sale if partition could not be had, of lands held by him in common with his said brothers and sisters. By stipulation of all parties to said partition suit, the partition of the property was agreed upon, and the court entered an interlocutory decree in conformity therewith, and appointed a referee. Upon the report of such referee, the court decreed a partition in accordance with such stipulation and report, and ordered the respondent A. A. Atwood, as guardian of said minor Donald

Theodore Atwood, to execute and deliver to R. B. Wright, as guardian of the appellant minor heirs, and to Florence Ethel Rankin, who was then of age, a promissory note for the sum of $1,055.80, the balance found due appellants on account of the inequality in partition, and directed said guardian to secure said sum by a mortgage on the property so partitioned to his said ward, Donald Theodore Atwood. This note and mortgage not being paid at maturity, this action to foreclose the same was commenced by the appellants, who set out in their complaint all of the foregoing facts and prayed judgment for said principal indebtedness, interest according to the terms of the note, $250 attorney's fees, that the usual order of sale of the mortgaged premises be made, and that appellants have judgment against respondents for any deficiency after applying the proceeds of such sale to the indebtedness found due.

Respondents answered and in effect admitted the facts pleaded, but alleged that the court was without jurisdiction to decree the execution of the mortgage sought to be foreclosed, and that it was void, first, because the district court in the partition suit could not under the provisions of C. S., sec. 7016, decree compensation for inequality against the estate of a minor, unless it affirmatively appeared that such infant had personal property sufficient to pay the same, and that his interest would be promoted thereby, and alleged that said infant had no personal property of any kind whatsoever out of which to pay said compensation; second, that said mortgage was void because the court was without jurisdiction to direct the guardian of a minor to mortgage his ward's real estate, in the absence of a statute authorizing such action. Then follows an offer that all proceedings in the partition suit might be reopened and that such property might be equitably and justly apportioned among the several heirs. Respondents demurred to the complaint in foreclosure, generally and specially, the special grounds being that it appeared on the face of the complaint that the mortgage and note secured thereby were void and without effect.

The trial court sustained this demurrer and dismissed the action, from which judgment this appeal is taken.

Appellants make two assignments of error: first, that the court erred in sustaining respondents' demurrer to the complaint, and in dismissing said action; secondly, in failing to decree a foreclosure of said mortgage, as prayed for in the complaint.

Appellants contend that the district court, having had jurisdiction in the partition suit of the subject matter, and of the parties, its decree cannot be collaterally attacked; and that the defense to this suit in foreclosure is a collateral attack upon the judgment in the partition suit. That the court in the partition suit had jurisdiction of the subject matter, and of the parties, is not controverted by respondents. The validity of the note and mortgage given by respondent Atwood, as guardian, is not challenged on the ground that the court in the partition suit was without jurisdiction to enter a valid decree in partition, but on the ground that the court entered a decree in violation of the provisions of C. S., sec. 7016, which reads:

"When it appears that partition cannot be made equal between the parties, according to their respective rights, without prejudice to the rights and interests of some of them, and a partition be ordered, the court may adjudge compensation to be made by one party to another on account of the inequality; but such compensation shall not be required to be made to others by owners unknown, nor by an infant, unless it appears that such infant has personal property sufficient for that purpose, and that his interest will be promoted thereby. And in all cases the court has power to make compensatory adjustment between the respective parties according to the ordinary principles of equity."

It is not claimed by appellants that the infant Atwood had personal property sufficient for the payment of this inequality. The court directed payment of compensation for inequality in the partition suit, and ordered respondent Atwood to execute a note secured by a mortgage on his ward's said property, in payment of the compensation awarded.

The decree not having been drawn in question by direct proceedings to correct or vacate the same, the question arises as to whether such decree is void, so that it can be collaterally attacked in this action, or merely voidable, and binding upon all parties thereto until vacated by direct proceedings.

A direct attack upon a judgment is by appropriate proceedings between the parties to it, seeking sufficient cause to have it annulled, reversed, vacated or declared void. (*Pope v. Harrison,* 84 Tenn. 82.)

A collateral attack is an attempt to impeach a decree in a proceeding not instituted for the express purpose of annulling, correcting or modifying the decree or enjoining its execution. (*Morrill v. Morrill,* 20 Or. 96, 23 Am. St. 95 and note, 25 Pac. 362, 11 L. R. A. 155; Van Fleet's Collateral Attack, sec. 3.)

Judgments may be entered in cases where the court has undoubted jurisdiction over the subject matter, and of the parties, yet nevertheless may be void because the court decided some question which it had no power to decide, or granted some relief which it had no power to grant. If a court grants relief which under no circumstances it has any authority to grant, its judgment is to that extent void, although it may have had jurisdiction over the subject matter and the parties. (Freeman on Judgments, 4th ed., sec. 120c, p. 196; *Gile v. Wood,* 32 Ida. 752, 188 Pac. 36; *Bridges v. Clay Co. Supervisors,* 57 Miss. 252; *Seamster v. Blackstock,* 83 Va. 232, 5 Am. St. 262, 2 S. E. 36; *Anthony v. Kasey,* 83 Va. 338, 5 Am. St. 277, 5 S. E. 176; *Wade v. Hancock,* 76 Va. 620; *Fithian v. Monks,* 43 Mo. 502.)

When a court of general jurisdiction has special and summary powers wholly derived from statute, and not according to the course of the common law, and which do not belong to it as a court of general jurisdiction, its judgments are regarded and treated as those of courts of limited and special jurisdiction, and everything necessary to give jurisdiction must appear by the record; while everything will be presumed to be without jurisdiction which does not appear by

the record to be within it. (*Morse v. Presby,* 5 Fost. (25 N. H.) 302.)

The extent and nature of a power depend upon the terms in which it is conferred, and it will not be enlarged because exercised by courts clothed with general jurisdiction; and a judgment by a tribunal without authority, or which exceeds or lies beyond its authority, is necessarily void, and may be shown to be so in collateral proceedings, even though it be a court of general jurisdiction, because no authority derived from the law can transcend the source from whence it came; and the principle that a limited authority must appear to have been strictly construed, even when the acts of a superior court are in question, is well settled. (*Richardson v. Seever's Admr.,* 84 Va. 259, 4 S. E. 712; *Eaton v. Badger,* 33 N. H. 228; *Ransom v. Williams,* 2 Wall. 313, 17 L. ed. 803; *The Mary,* 9 Cranch, 126, 3 L. ed. 678, see, also, Rose's U. S. Notes.)

But even if it were conceded that the court's decree in the partition suit directing compensation on account of inequality could not be attacked collaterally, the court was without authority to direct or authorize the guardian to mortgage the property of his ward. The courts quite generally agree that in the absence of statute authorizing such proceedings a guardian has no power to mortgage the ward's real estate. (21 Cyc. 84; 12 R. C. L., 26, p. 1127; and sec. 40, p. 1145; *Andrus v. Blazzard,* 23 Utah, 233, 63 Pac. 888, 54 L. R. A. 354; *Logan Planing Mill Co. v. Aldredge,* 63 W. Va. 660, 129 Am. St. 1035, 15 Ann. Cas. 1087, 60 S. E. 783, 15 L. R. A., N. S., 1159; notes, 48 Am. St. 665 and 89 Am. St. 314.)

If the power to mortgage his ward's estate has been given to a guardian, it must be plainly and unequivocally conferred, either in express terms or by necessary implication from powers actually conferred, and it is limited to the purpose expressed in the statute and must be exercised in the exact manner prescribed therein. (12 R. C. L., sec. 40, p. 1145; *Trutch v. Bunnell,* 11 Or. 58, 50 Am. Rep. 456, 4 Pac.

588; *Capen v. Garrison,* 193 Mo. 335, 92 S. W. 368, 5 L. R. A., N. S., 838, and note.)

Respondents, in their answer in this action, offer that the judgment of partition and all proceedings in the action may be reopened; that partition of said property may be made among the parties thereto, and that such property may be equitably and justly apportioned among the parties entitled to the same. On this appeal, counsel for both parties have submitted with their briefs what purports to be an agreement between them, based upon and in accord with the offer made in respondents' answer. This agreement between counsel suggests two possible courses of action which might be taken, either of which would, if carried out, in their judgment result in an equitable disposition of the whole matter in controversy. But we are of the opinion that this does not present any question which can properly be determined on this appeal, and that upon the record before us the judgment of the lower court, sustaining the demurrer to the complaint in this action and dismissing the same, must be affirmed, and it is so ordered.

Rice, C. J., and Budge, McCarthy and Dunn, JJ., concur.