(August 3, 1908.)

# ERNEST J. TAYLOR, Appellant, v. S. S. HULETT et al., Respondents.

[97 Pac. 37.]

WATER APPROPRIATION—ACTION TO QUIET TITLE TO WATER RIGHT—
PRIORITY OF RIGHT ON INTERSTATE STREAM—SUBSEQUENT DIVER-
SION MADE IN ANOTHER STATE—ACTION TO QUIET TITLE PROCEED-
ING IN REM—INJUNCTION PROCEEDING IN PERSONAM—JURISDICTION
OF COURT.

1. A suit to ascertain, determine and decree the extent and
priority of a water right and appropriation partakes of the nature
of an action to quiet title to real estate.

2. An action to quiet title to real estate must be prosecuted and
maintained in the jurisdiction in which the *res* or subject matter
is situated.

3. The courts of Idaho in ascertaining, decreeing and protect-
ing property rights in water appropriations within the jurisdiction
of this state, may at the same time and for that purpose inquire
into and determine rights and priorities on the same stream that
are located and situated higher up the stream and beyond the
state line, in order to fairly and finally judicially determine the
relative rights of the parties, and decree the extent of title and
right of possession of the subject matter located and situated
within this state.

4. The jurisdiction of the courts of Idaho to ascertain and de-
termine water appropriations within this state is not ousted or
defeated by the fact that a defendant sets up in his answer that
he has an appropriation of the waters of the stream in contro-
versy, and that he diverts the waters from such stream in the
state of Wyoming for use and application in irrigating lands
situated within that state.

5. The injunctive remedy to prevent the continuance of the di-
version of the water of a stream to the detriment of a prior ap-
propriator of the waters thereof operates *in personam,* and where
personal service has been had upon the defendant in the action
for injunction, the court has jurisdiction to award the injunctive
relief, and such decree is entitled to full faith and credit in the
courts of every other state.

6. Where the court has jurisdiction of the subject matter, and
acquires jurisdiction of the person of the defendant by service
of process, it is thereby vested with full power and authority to
hear and determine all questions that occur in the case and are

essential to determine the merits of the issues raised, and it likewise has authority and jurisdiction to make such orders and issue such writs and process as may be necessary and essential to carry the decree into effect and render it binding and operative.

7. The fact that a defendant against whom a writ of injunction is ordered goes beyond the jurisdiction of the state, and cannot be reached by the courts in order to punish him for contempt, does not avoid the judgment and decree, but the same may be enforced, in the orderly administration of the law, with like force and effect in the state in which the defendant is found and served with process.

(Syllabus by the court.)

APPEAL from the District Court of the Sixth Judicial District, for the County of Fremont. Hon. J. M. Stevens, Judge.

Action by the plaintiff to determine, adjudicate and quiet his title to a water right and appropriation from Spring creek in Fremont county. Judgment for defendants, dismissing the action. Plaintiff appeals. *Reversed.*

Clark & Budge, for Appellant.

Where the necessary parties are before a court of equity, it is immaterial that the *res* of the controversy, whether it be real or personal property, is beyond the territorial jurisdiction of the tribunal. It has the power to compel the defendant to do all things necessary, according to the *lex loci rei sitae,* which he could do voluntarily, to give full effect to the decree against him. Without regard to the situation of the subject matter, such courts consider the equities between the parties, and decree *in personam* according to those equities, and enforce obedience to their decrees by process *in personam.* (*Massie v. Watts,* 6 Cranch, 148, 3 L. ed. 181; *Phelps v. McDonald,* 99 U. S. 298, 25 L. ed. 473; *Cole v. Cunningham,* 133 U. S. 107, 10 Sup. Ct. 269, 33 L. ed. 538; *Rickey L. & C. Co. v. Miller & Lux,* 152 Fed. 11, 81 C. C. A. 207.

The district court of Wyoming has jurisdiction to adjudicate the rights of the owners of land in Montana to the water of the stream so far as may be necessary to protect their

rights, though the court may not have jurisdiction to enter a decree for quieting the title of such owners to the water claimed. (*Willey v. Decker*, 11 Wyo. 496, 100 Am. St. Rep. 939, 73 Pac. 210.)

One who has acquired a right to the waters of a stream flowing through public land by prior appropriation, in accordance with the laws of the state, is protected in such right by secs. 2339 and 2340, Rev. Stat., as against subsequent appropriations, though the latter withdraw the water within the limits of a different state. (*Howell v. Johnson* (Mont.), 89 Fed. 556.)

We do not ask to have the court adjudicate the rights of the defendants who reside in Wyoming, neither do we believe the court could do so if the parties consented, but to have our own right declared, and a judgment against the persons of the defendants, they having been personally served, and having made personal appearance, enjoining them from interfering with that right.

Hamer & McConnell, for Respondents.

The district court of Fremont county cannot adjudicate the rights of the Wyoming parties to the water in question, and in order for them to settle their rights as among themselves, they must go into the Wyoming courts. (*Conant v. Deep Creek & Curlew Valley Irr. Co.*, 23 Utah, 627, 90 Am. St. Rep. 721, 66 Pac. 188.)

The remedy by injunction does not lie unless the rights of the party invoking it are clearly established, and if the title to real estate situated in another state is involved or the rights to the use and enjoyment of the same curtailed, then the court is acting in excess of its authority when it assumes jurisdiction of the case. (*Willey v. Decker*, 11 Wyo. 496, 100 Am. St. Rep. 939, 73 Pac. 210.)

AILSHIE, C. J.—Appellant, a resident citizen of Fremont county in this state, commenced his action in the district court of the sixth district for the purpose of obtaining a decree establishing his right and quieting his title to a

certain quantity of the water of Spring creek for irrigation purposes, and for an injunction restraining and enjoining the respondents from interrupting or interfering with his right, or in any manner preventing the water of the stream flowing down to his point of diversion.

It is alleged in the complaint that Spring, or Seymour, creek has its source in Uinta county, Wyoming, and flows from thence into the Teton basin in the state of Idaho, and that the plaintiff has appropriated the water of the stream and diverted it at a point in this state, and uses and applies it on his land situated in this state; that his grantors and predecessors in interest in the year 1901 obtained a judgment and decree that has become final, wherein and whereby their right and priority to eight and two-fifths cubic feet per second of the water of this stream has been determined. It was further alleged that during the irrigation season of 1906, the defendants interfered with plaintiff's rights by diverting water from the stream at a point above plaintiff, so as to hinder and prevent plaintiff from receiving the amount of water to which he was entitled.

The defendants were each personally served within this state, and all appeared and demurred to the complaint except defendant Hulett, who filed an answer. Thereafter a motion was made to dismiss the action on the grounds that the defendants were residents and citizens of the state of Wyoming, and that all the water that they diverted or used from Spring, or Seymour, creek was diverted from the stream at a point within the state of Wyoming, and was used on lands within that state. The motion was sustained and the action dismissed and this appeal is taken from the judgment. No point is made as to the question of practice or manner of presenting the jurisdictional question to the lower court. Any irregularity as to that is apparently waived here.

The question to be determined here is as to whether the court of this state has jurisdiction to quiet plaintiff's title to his water right and appropriation in this case as against defendants, and to enjoin and restrain defendants from in-

terfering with that right. In this case appellant's appropriation, diversion and place of use are all within Idaho. The respondents are up the stream above appellant, and their diversion and place of use are all within the state of Wyoming. Under these circumstances, can the Idaho courts, after personal service of process on the respondents and their appearance in court, determine the priorities between the parties and adjudicate and decree appellant's rights and enjoin respondents from interfering with such rights?

Appellant's water right is real property appurtenant to the land to be irrigated thereby. (Sec. 2825, Rev. Stat.; *Ada Co. etc. Co. v. Farmers' etc. Co.,* 5 Ida. 793, 51 Pac. 990, 40 L. R. A. 485; *McGinness v. Stanfield,* 6 Ida. 372, 55 Pac. 1020; *Hall v. Blackman,* 8 Ida. 272, 68 Pac. 19.) An action to ascertain, determine and decree the extent and priority of that right partakes of the nature of an action to quiet title to real estate. (*Conant v. Deep Creek & Curlew Valley Irr. Co.,* 23 Utah, 627, 90 Am. St. Rep. 721, 66 Pac. 188; *Rickey Land & Cattle Co. v. Miller & Lux,* 152 Fed. 11, 81 C. C. A. 207.) This action, therefore, to quiet appellant's title should be maintained in the jurisdiction in which the *res* or subject matter is situated. (*Carpenter v. Strange,* 141 U. S. 87, 11 Sup Ct. 960, 35 L. ed. 640; *Nelson v. Potter,* 50 N. J. L. 324, 15 Atl. 375; *Lindley v. O'Reilly,* 50 N. J. L. 636, 7 Am. St. Rep. 802, 15 Atl. 379, 1 L. R. A. 79.) If, however, in ascertaining and determining appellant's rights it becomes necessary to also inquire into and ascertain the rights and priorities of the respondents on the same stream as a defensive issue, that certainly can and will be done by a court of equity, although the *res* or subject matter involved in the issue and constituting the defense be situated beyond the state line and in another jurisdiction. (*Willey v. Decker,* 11 Wyo. 496, 100 Am. St. Rep. 939, 73 Pac. 210; *Rickey Land & Cattle Co. v. Miller & Lux,* 152 Fed. 11, 81 C. C. A. 207.)

In the case last cited, the action was instituted in the state of Nevada for the purpose of determining and adjudicating the complainant's right and priority in and to

a quantity of the water of Walker river, a stream flowing from the state of California into the state of Nevada. The defendant pleaded an appropriation and prior right in and to the same stream and that its diversion and use were within the state of California. The case went to the United States circuit court of appeals for the ninth circuit on the question of jurisdiction, and Judge Wolverton, in a very lucid and well-considered opinion, says:

"The defendant will not be permitted, by thus setting up a cause of suit in the state of California, to defeat the jurisdiction of the court in the state of Nevada. The complainant must be permitted to proceed upon the case made by its pleadings, and the defendant cannot defeat the jurisdiction by alleging that it has rights elsewhere which may conflict with the rights of the complainant. It may be said that the court in Nevada has not the power to quiet the title of the defendant in the state of California. But the defendant has the right to set up its conflicting interests, which arose in California, as a defense against the attempt of the complainant to have its title in Nevada quieted, because the complainant's title must depend upon whether it has the better right as against the defendant—the rights of the parties arising in the states in which their respective interests are found. So that the answer and cross-complaint of the defendant can only operate defensively in the original suit, and not to give the defendant a right to have its title also quieted in the state of California. Though the Nevada court is not authorized or empowered to settle the rights of the parties in the state of California, it may look, nevertheless, under the defensive answer to the appropriation in the state of California, to ascertain and determine whether such appropriation is prior and paramount to the complainant's appropriation, and if not, then to settle and quiet complainant's title and rights thereto."

In *Willey v. Decker,* the supreme court of Wyoming, in considering a kindred proposition to that here involved, said:

"The district court of Wyoming has jurisdiction to adjudicate the rights of the owners of land in Montana to the

water of the stream so far as may be necessary to protect their rights, though the court may not have jurisdiction to enter a decree for quieting the title of such owners to the water claimed.''

It would seem upon both reason and authority that the courts of this state in ascertaining, decreeing and protecting property rights in water appropriations within the jurisdiction of the state may at the same time and for that purpose inquire into and determine rights and priorities on the same stream that are located and situated beyond the state line in order to fairly and finally judicially determine the relative rights of the parties, and decree the extent of the title and right of possession of the thing or subject matter within this jurisdiction. This proposition ought to be accorded a special recognition and application by the courts in water and irrigation litigation. Streams rise in one state and flow into another irrespective of boundary line, and still the rules and doctrines of priority of appropriation and use are the same in most of the arid states. This is particularly true with respect to this case—here the riparian doctrine of the common law has been abrogated in both Idaho and Wyoming, and the rule of ''first in time is first in right'' is recognized and enforced in both states. (*Drake v. Earhart,* 2 Ida. 750, 23 Pac. 541; *Moyer v. Preston,* 6 Wyo. 308, 71 Am. St. Rep. 914, 44 Pac. 845; *Farm Investment Co. v. Carpenter,* 9 Wyo. 110, 87 Am. St. Rep. 918, 61 Pac. 258, 50 L. R. A. 747; *Willey v. Decker, supra.*)

The relative rights, therefore, of appropriators of the water of an interstate stream are the same whether the appropriations are all in the same state or some in one state and the balance in another state. This proposition is accentuated in a case like this where the court not only has jurisdiction of the *res* or subject matter, but also obtains jurisdiction of the person of the defendant. In the case at bar, the diversion by the defendants, being the act that causes the injury, takes place in Wyoming, but the injury itself that flows from the wrongful act takes place in this state. It has long been recognized as a general rule that where an act is committed

in one jurisdiction that occasions injury or damage in another jurisdiction, the injured person may elect to bring his action in either jurisdiction. (See discussion and authorities cited in Rickey Land and Cattle case above cited.)

This brings us to a consideration of the injunctive relief asked by the appellant against respondents. The injunction would only be ancillary to and in aid of a decree establishing and quieting plaintiff's title—it would merely command and enforce obedience to the decree. That would be a remedy *in personam* and would act only upon the person of the parties enjoined. (1 High on Injunction, 803; 1 Spelling on Injunction, secs. 1, 8.)

The court having jurisdiction of both the subject matter and person of the defendants, has the right and authority to hear and determine all questions that occur in the case and are essential to a decision of the merits of the issues, and it likewise has authority and jurisdiction to make such orders and issue such writs as may be necessary and essential to carry the decree into effect and render it binding and operative. (*Boot v. Woolworth*, 150 U. S. 401, 14 Sup. Ct. 136, 37 L. ed. 1123; *Peck v. Jenness*, 7 How. 612, 12 L. ed. 841; *Montgomery v. Tutt*, 11 Cal. 190; *French v. Hay*, 22 Wall. 250; 22 L. ed. 799.)

The injunction prayed for in this case is merely in aid of any decree that may be entered, and would operate against the person of any defendant who might undertake or attempt to divert the water of Spring creek so as to injure or damage plaintiff, and thereby interfere with plaintiff's right as settled and established by the decree. But it is argued that the respondents live beyond the jurisdiction of the court, and cannot be reached by the Idaho courts to punish them for contempt in the event they disobey the injunction. There would be no trouble about this if they should come within reach of the process of the Idaho court, for in that case the court could lay hold on them and deal with them as in any other case. On the other hand, if they should remain beyond the jurisdiction of this state and there commit acts in violation of the decree and injunction, then and in that case

we apprehend that appellant could go into the Wyoming court with his decree, and there obtain a like injunction from a court where personal service could be had, and the respondents would be held amenable to the orders and process of that court. The decree and injunction from the Idaho court would undoubtedly be accorded full faith and credit by the Wyoming court. (*Caldwell v. Carrington*, 9 Pet. 86, 9 L. ed. 60; *Carpenter v. Strange*, 141 U. S. 87, 11 Sup. Ct. 960, 35 L. ed. 640.) On this question the Wyoming court evidently entertains the same view we here express, as will be seen from an examination of *Willey v. Decker, supra.*

The judgment and order dismissing appellant's action was erroneous and must be reversed. Judgment reversed and cause remanded, with direction to reinstate the action and proceed with the case in accordance with the views herein expressed. Costs awarded in favor of appellant.

Sullivan, J., and Stewart, J., concur.