(March 16, 1920.)

## ERNEST A. GILE, Appellant, v. J. E. WOOD, Respondent.

[188 Pac. 36.]

PLEADING AND PRACTICE—VOID JUDGMENTS.

    1. It is necessary to the validity of a judgment that the court have jurisdiction of the question which it thereby assumes to decide, or of the particular remedy or relief which it assumes to grant.

    2. It is the duty of a district court, when it is brought to its attention that a portion of one of its decrees is void on its face, to amend it by striking out the void portion.

APPEAL from the District Court of the Fourth Judicial District, for Blaine County. Hon. James R. Bothwell, Judge.

Suit to foreclose real mortgage. Plaintiff appeals from an order amending decree of foreclosure. *Affirmed.*

C. O. Stockslager, P. K. Perkins and J. G. Hedrick, for Appellant.

The complaint asked for equitable relief, and the court had the right, under the evidence, to make the finding as it did and order the deficiency judgment entered against Wood if there was any. (*Leviston v. Swan,* 33 Cal. 480; *Russell v. Hank,* 9 Utah, 309, 34 Pac. 245; *Continental Trust Co. v. Patterson,* 26 Colo. App. 186, 142 Pac. 422; *Howe v. Sears,* 30 Utah, 344, 84 Pac. 1107.)

McFadden & Boyle, for Respondent.

"The relief granted to the plaintiff, if there be no answer, cannot exceed that which he shall have demanded in his complaint." (Sec. 6829, C. S.; *Lowe v. Turner,* 1 Ida. 107, 108; *Wilson v. Boise City,* 7 Ida. 69, 73, 60 Pac. 84.)

For authorities passing on the question of collateral attack on judgment because of lack of jurisdiction, see subdivision of a note in L. R. A. 1916E, 322.

In a foreclosure suit where judgment is taken by default, the decree can give no relief beyond that which is demanded in the bill. ' (*Raun v. Reynolds*, 11 Cal. 14; *Gautier v. English*, 29 Cal. 165; *Parrott v. Den*, 34 Cal. 79; *Gage v. Rogers*, 20 Cal. 91.)

MORGAN, C. J.—Appellant sued to foreclose a real estate mortgage executed by James T. Bristow and Zella Bristow, his wife, to secure the payment of their promissory note. Respondent was named as a defendant, and it was alleged in the complaint that he had, or claimed to have, some interest in the mortgaged premises, or some part thereof, as purchaser or otherwise, which was subsequent and subject to the lien of the mortgage. The prayer was for foreclosure, for the sale of the premises, and for a judgment against Bristow and his wife for any deficiency found to exist after the application of the money arising therefrom to the payment of the items of indebtedness properly payable with it. A money judgment against respondent was not prayed for.

The makers of the note and mortgage having failed to appear and respondent having filed a demurrer, which was withdrawn, and having failed to answer within the time allowed therefor, the default of each and all the defendants was entered. The decree recited that there was due and owing from James T. Bristow, Zella Bristow and J. E. Wood to appellant the amount remaining unpaid on the note and that they were personally liable therefor; that there was also due from them to him certain disbursements, including costs, percentages, taxes and attorney's fees. It was provided in the decree that if the moneys arising from the sale were insufficient to pay the amount due appellant, the sheriff should specify the amount of the deficiency in his return of sale and the clerk of the court should docket a judgment therefor against the defendants.

The sheriff's return showed a deficiency of $769. Upon motion of respondent it was ordered that the decree be so modified as to revoke the authority to enter a deficiency judg-

ment against him and that said deficiency judgment be canceled. This appeal is from that order.

C. S., sec. 6829, provides: "The relief granted to the plaintiff, if there be no answer, cannot exceed that which he shall have demanded in his complaint. . . . . "

"In addition to the jurisdiction of the parties and the subject matter, it is necessary to the validity of a judgment that the court should have jurisdiction of the question which its judgment assumes to decide, or of the particular remedy or relief which it assumes to grant. . . . . " (23 Cyc. 684; *Munday v. Vail,* 34 N. J. Law, 418; *Waldron v. Harvey,* 54 W. Va. 608, 102 Am. St. 959, 46 S. E. 603; *Standard Savings & Loan Assn. v. Anthony Wholesale Grocery Co.* (Okl.), 162 Pac. 451, L. R. A. 1917D, 1029; *Sharp v. Sharp* (Okl.), 166 Pac. 175, L. R. A. 1917F, 562; *Sache v. Wallace,* 101 Minn. 169, 118 Am. St. 612, 11 Ann. Cas. 348, 112 N. W. 386, 11 L. R. A., N. S., 803.)

It was beyond the jurisdiction of the district court to order a deficiency judgment entered against respondent, because the complaint did not contain an allegation that he was indebted to appellant. The portion of the decree providing for a deficiency judgment against respondent was void on its face, and, that fact having been brought to the attention of the trial court, it was its duty to make the amendment complained of. (*People v. Davis,* 143 Cal. 673, 77 Pac. 651; *Grannis v. Superior Court,* 146 Cal. 245, 106 Am. St. 23, 79 Pac. 891.)

The order appealed from is affirmed. Costs are awarded to respondent.

Rice and Budge, JJ., concur.