Rice, C. J., and Budge, Dunn and Lee, JJ., concur.

Petition for rehearing denied.

---

(April 27, 1921.)

LEE CHARLES MILLER, Plaintiff and Respondent, v. FRANK H. PROUT et al., Defendants and Respondents, and GEORGE H. FAULL and MARY A. FAULL, Defendants and Appellants.

[197 Pac. 1023.]

JUDGMENTS—VACATION OF WHEN VOID ON MOTION.

1. A judgment which grants relief beyond the scope of the allegations of the pleadings and issues joined or litigated in the action is void.

2. A district court may at any time vacate or set aside a judgment previously entered when it is apparent upon the face of the judgment-roll that such judgment is void.

3. A void judgment, the invalidity of which does not appear upon the face of the judgment-roll, may be vacated upon motion within a reasonable time.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Charles P. McCarthy, Judge.

Motion to vacate a judgment on the ground that it is null and void. Order vacating judgment affirmed.

Claude W. Gibson, for Appellants.

The judgment must be in conformity with and based on the decision of the court; after the decision is made

---

2. Time of making application to open or vacate judgment, see note in 52 Am. St. 795.

and filed and the judgment entered thereon accordingly, the trial court has no jurisdiction or power to change or modify the judgment until the decision has been changed, so that the changed or modified judgment and the changed or modified decision will finally agree. (C. S., sec. 6867; *Caldwell v. Wells,* 16 Ida. 459, 101 Pac. 812; *Knowlton v. MacKenzie,* 110 Cal. 183, 42 Pac. 580; *Broder v. Conklin,* 98 Cal. 360, 33 Pac. 211; *Egan v. Egan,* 90 Cal. 15, 27 Pac. 22.)

Judgments containing judicial errors and mistakes can be changed after the entry thereof only through a motion for a new trial or by appeal, except clerical errors and misprisions therein can be corrected on motion therefor so as to make the judgment conform to the decision. (C. S., secs. 6726, 6888; *Wyllie v. Kent,* 28 Ida. 16, 152 Pac. 194; *Lawrence v. Corbeille,* 28 Ida. 329, 154 Pac. 495; *Caldwell v. Wells, supra; Croke v. American Nat. Bank,* 18 Colo. App. 3, 70 Pac. 229; *Knowlton v. MacKenzie, supra; Los Angeles County v. Lankershim,* 100 Cal. 525, 35 Pac. 153, 556; *Egan v. Egan, supra; O'Brien v. O'Brien,* 124 Cal. 422, 57 Pac. 225; 23 Cyc. 873, 890–c.)

The trial court abused its discretion in making said order under the circumstances. The neglect of movants cannot be held to be excusable, as shown by the facts. (*Domer v. Stone,* 27 Ida. 279, 149 Pac. 505, and cases cited.)

Hugh E. McElroy and Karl Paine, for Respondents.

The court was authorized to amend its judgment in any particular not involving the correction of a judicial error. (15 Standard Proc., p. 121, and n. 40.)

The part of the judgment granting affirmative relief to the Faulls was a nullity. The court was authorized to strike such affirmative relief upon respondents' motion in this proceeding or upon its own motion. (*Kerns v. Morgan,* 11 Ida. 572, 83 Pac. 954; *Shumake v. Shumake,* 17 Ida. 649, 107 Pac. 42.) If the part of the judgment granting affirmative relief to the Faulls was void, they had

no right to have it standing on the records against respondents. (*Leonard v. Brady,* 27 Ida. 75, 147 Pac. 286.)

RICE, C. J.—This action was commenced by Lee Charles Miller against a large number of defendants to obtain an adjudication of his right to the use of water flowing in Porter Creek, in Boise county. Judgment was entered, in which the priority of Miller's right was decreed and the defendants were enjoined from interference therewith. The decree also contained a paragraph adjudicating the priority of defendants George H. Faull and wife, and enjoining their codefendants from interfering with the right so decreed. Certain of the defendants in the action, who were codefendants with George H. Faull and wife, filed a motion to vacate and set aside the judgment on the ground of mistake, inadvertence, surprise and excusable neglect under C. S., sec. 6726. The motion also requested the court to open the judgment "and relieve said defendants and each of them from that portion of said judgment granting affirmative relief against them, and each of them, in favor of defendants George H. Faull and Mary A. Faull, his wife." One of the grounds of the motion was that the court was without jurisdiction to decree affirmative relief granted in said judgment in favor of the defendants Faull, and that the part of the judgment granting affirmative relief to them is null and void. The court denied the motion to vacate the judgment. The order, however, contained the following:

"It is further ordered that that part of said judgment which is in favor of the defendants George H. Faull and Mary A. Faull, his wife, and against the above-named defendants and movants be and the same is hereby vacated and set aside; that is to say, it is hereby ordered that that specific part of said judgment which provides that the water rights of defendants George H. Faull and Mary A. Faull for 1.6 cubic feet per second, being the equivalent of 80 inches of the waters of Porter Creek, Boise county, Idaho, is the second priority from said creek, as against each

and all of the other of said defendants herein, being the above-named defendants and movants, and that the right and title of said defendants George H. Faull and Mary A. Faull to said water right is hereby quieted and determined as against said defendants and each of them, being the above-named defendants and movants, and that each of said defendants are hereby perpetually enjoined and restrained from interfering with the diversion and use thereof by the said defendants George H. Faull and Mary A. Faull and their successors in title, be and the same is vacated and set aside.''

Defendants George H. Faull and wife have appealed from the order.

It is urged by respondents that the portion of the judgment vacated by the court was void. They set forth in affidavits that the defendants in the action, including Faull and wife, previous to the trial had entered into an understanding and agreement that ''the right asserted by the plaintiff in such action would, if established, work a common injury against all of the said defendants, and that it would be to the best interests of all the defendants not to compel an adjudication of the rights of the defendants as among themselves; that it was further agreed by and among the parties to said agreement that the judgment entered in said action should determine the validity of plaintiff's claim, but that it should not have the effect of binding or in anywise prejudicing the rights of said defendants or any of them among themselves with regard to any issue, matter or thing involved in said action. . . . . That it was pursuant to said understanding or agreement that the answers and cross-complaints filed by said defendants were not served upon any parties to the action, other than the plaintiff, Lee Charles Miller, and that as a result thereof no issue was ever joined as between the said defendants or any of them. . . . . ''

Appellant George H. Faull by affidavit denied that he had entered into such agreement or authorized his attorney to do so.

Service of the cross-complaint is essential to give the court jurisdiction to try the cause of action therein set forth. (C. S., sec. 6699.) Such service, however, may be waived. It is contended by appellant that the record shows waiver of service of the cross-complaint by reason of a stipulation filed in the action. which contained the following paragraph: "That upon cross-examination any party may examine witnesses fully, whether in chief or cross examination, as to the causes of action alleged in the complaint or cross-complaints of the parties hereto." This stipulation was signed by the attorneys for the respondents herein.

It is doubtful whether this stipulation, standing alone, would amount to a waiver of service and a general appearance in view of our statute. (C. S., sec. 7202; *Washington etc. Land Co. v. Weiser Nat. Bank,* 26 Ida. 717, 146 Pac. 116.) The record discloses, however, that upon the trial respondents consented to the introduction of certain exhibits on the part of appellants Faull and wife, and also cross-examined Mr. Faull when a witness on his own behalf. We think that participation in the trial of a cause of action by examining and cross-examining witnesses therein amounts to a general appearance and is a waiver of service of process or of a cross-complaint. (4 C. J. 1333, sec. 27; *Sheldon v. Landwehr,* 159 Cal. 778, 116 Pac. 44; *Schafer v. Moe,* 72 Ill. App. 50. See, also, *Shaw v. Martin,* 20 Ida. 168, 117 Pac. 853.)

The cross-complaint of appellants Faull and wife alleges that appellants are the owners of certain lands which are arid in character. It then sets out the inception and perfection of a water right by one D. B. Mooney which appellants subsequently acquired. It also sets out their claim to an additional water right initiated by themselves, and they claim, under their appropriations aforesaid, the prior and first right to the use of 210 inches of the waters of Porter Creek, except 50 inches of water therefrom, measured under a four-inch pressure, to the use of which they admit the plaintiff had a prior right.

Nowhere in the cross-complaint of appellants is any mention made of their codefendants, directly or indirectly, nor is it alleged that they or anyone else has interfered or threatened to interfere with their right, nor is it alleged that any water right of their codefendants is subsequent or inferior to their own. The cross-complaint does not state a cause of action against the codefendants of Faull and wife. (*Ramsey v. District Court, ante,* p. 296, 193 Pac. 733.)

A judgment must rest upon sufficient pleadings. It is true that under C. S., sec. 6707, the allegations of the pleadings must be liberally construed with a view to substantial justice between the parties. (*McCormick v. Smith,* 23 Ida. 487, 130 Pac. 999.) Every reasonable intendment is indulged in favor of the sufficiency of the complaint, and all inferences of fact which may be drawn from the facts alleged must be deemed within reasonable limits to be alleged, unless it is specially attacked by demurrer or motion. (*Mode v. Myers,* 30 Ida. 159, 164 Pac. 91; *Newport Water Co. v. Kellogg,* 31 Ida. 574, 174 Pac. 602.) These cases, however, do not go so far as to hold that a judgment may be sustained when there is an entire lack of essential allegations to support it. "In addition to the jurisdiction of the parties and subject matter, it is necessary to the validity of a judgment that the court have jurisdiction of the question which the judgment assumes to decide, or the particular remedy or relief which it assumes to grant." (*Gile v. Wood,* 32 Ida. 752, 188 Pac. 36.) In that case it was held that it was beyond the jurisdiction of the court to order a deficiency judgment in an action for the foreclosure of a mortgage against a party, in the absence of an allegation in the complaint to the effect that the party was indebted to the plaintiff. "Neither can it [a court] go beyond the issues and pass upon a matter which the parties neither submitted nor intended to submit for its determination." (Black on Judgments, 2d ed., sec. 215, p. 323; *Munday v. Vail,* 34

N. J. L. 418; *McFadden v. Ross*, 108 Ind. 512, 8 N. E. 161; *Sache v. Gillette and Wallace*, 101 Minn. 169, 118 Am. St. 612, 11 Ann. Cas. 348, 112 N. W. 386, 11 L. R. A., N. S., 803; *Newman v. Bullock*, 23 Colo. 217, 47 Pac. 379; *Sandoval v. Rosser* (Tex. Civ. App.), 26 S. W. 930.)

A judgment void upon its face may be set aside upon motion of a party or upon the court's own motion at any time, and the court may also strike from the judgment and vacate any portion thereof which is void. (*Gile v. Wood, supra; Nixon v. Tongren, ante,* p. 287, 193 Pac. 731.)

Difficulty may arise in determining whether a judgment is void upon its face because it grants relief beyond the scope of the allegations of the complaint. (See *Reynolds v. Stockton,* 140 U. S. 254, 11 Sup. Ct. 773, 35 L. ed. 464, see, also, Rose's U. S. Notes.) In that case it is said:

"A judgment to be conclusive upon the parties to the litigation must be responsive to the matters controverted. Nor are we concerned with the question as to the rule which obtains in a case in which, while the matter determined was not, in fact, put in issue by the pleadings, it is apparent from the record that the defeated party was present at the trial, and actually litigated that matter. In such a case the proposition so often affirmed, that that is to be considered as done which ought to have been done, may have weight, and the amendment which ought to have been made to conform the pleadings to the evidence may be treated as having been made. Here there was no appearance after the filing of the answer and no participation in the trial or other proceedings. Whatever may be the rule where substantial amendments to the complaint are permitted and made, and the defendant responds thereto, or where it appears that he takes actual part in the litigation of the matters determined, the rule is universal that, where he appears and responds only to the complaint as filed, and no amendment is made thereto, the judgment is conclusive only so far as it determines matters which, by the pleadings, are put in issue."

A void judgment, the invalidity of which does not appear upon the face of the judgment-roll, may be vacated upon motion made within a reasonable time. (*Norton v. Atchison etc. R. Co.,* 97 Cal. 388, 33 Am. St. 198, 30 Pac. 585, 32 Pac. 452; *People v. Temple,* 103 Cal. 447, 37 Pac.. 414.) A motion to vacate a judgment is a direct and not a collateral attack, and any fact going to show the invalidity of the judgment can be presented at the hearing of the motion. (*Norton v. Atchison etc. R. Co., supra.*)

In the affidavits submitted in support of the motion, it is stated that no evidence was introduced by the defendants or any of them seeking to establish any right of action against any party or parties to said action other than the plaintiff; that on the oral argument attention of the district court was called to the state of the pleadings, and the. fact that no issue had been joined as between any of the defendants. The motion was based in part upon the entire record of the trial, and the court certified that this record was considered by him in passing upon the motion.

A careful consideration of the affidavits, in connection with the record on the trial, leads to the conclusion that the trial of the cause of action set forth in appellants' cross-complaint was limited to the issues tendered thereby, and that the judgment in appellants' favor was not responsive to their cross-complaint or to any issue raised and determined in the action.

The order of the court is affirmed. Costs awarded to respondents.

Budge, Dunn and Lee, JJ., concur.

McCarthy, J., being disqualified, did not sit at the hearing and took no part in the decision.