(No. 6155. December 13, 1934.)

JAMES McDONALD, Plaintiff on Review, v. BEULAH B. McDONALD (Now BEULAH B. MARTIN), Defendant on Review.

[39 Pac. (2d) 293.]

James F. Ailshie, Jr., and W. H. Langroise, for Plaintiff on Review.

U. S. Webb and Chapman & Chapman, for Defendant on Review.

BUDGE, C. J.—This is an original proceeding for writ of review and grows out of an application by James McDonald, hereinafter referred to as plaintiff, for modification of a contract alleged to be a part of a decree of divorce made and entered in favor of Beulah B. McDonald, now Beulah B. Martin, hereinafter referred to as defendant, in the district court of the fourth judicial district, for Blaine county, on December 15, 1924. This decree of divorce made the following references to the contract:

"And the Court further finds that the property rights of the respective parties to this action have been settled out of Court and that provision has been made for the support of the minor children referred to herein and their property rights have been settled by an agreement between the said parties under date of December 11, 1924, as will more fully appear by the terms of the said agreement which is hereby referred to and made a part hereof."

"And it is Further Ordered, Adjudged and Decreed that the care and custody of the minor children, the issue of the said parties, to-wit: James McDonald, Junior, and Robert Alexander McDonald, be and the same is hereby awarded to the Plaintiff in this action, Beulah B. McDonald; provision having been made for their support under the terms of that certain contract made and entered into by and between the parties to this action under date of December 11, 1924, referred to in the findings filed herewith."

The contract, which was entered into four days prior to the entry of the decree of divorce, provided, *inter alia,* that plaintiff at a subsequent time, dependent upon the result of certain litigation then pending in the Supreme Court of the District of Columbia, would pay to defendant the gross sum of $400,000. More than one year after the entry of the decree of divorce and by and through subsequent contracts or modifications between the parties the

terms of payment of the $400,000 were so changed and modified that said $400,000 was to be paid: $100,000 in cash and the balance at the rate of $25,000 each year, payments to be made by the Fulton Trust Co., trustee of the estate of James McDonald. All payments provided under the contract have been made except the sum of $100,000, and it was for the purpose of avoiding the payment of this balance that brought about the filing of the application for modification. This application for modification and a subsequent application on behalf of defendant for attorneys' fees and suit money for the defense thereof have not been heard or determined by the lower court. On April 30, 1934, plaintiff filed his petition in the court below asking to be permitted to withhold any further payments payable under the terms of said contract above mentioned, pending final hearing of the application for modification. Said application for permission to withhold further payments was made without notice other than telephonic conversation between counsel for the respective parties, during which counsel for defendant refused to waive notice or service of the application. However, on April 30, 1934, the court below entered the following *ex parte* order:

"Upon reading defendant's Petition for Order to Withhold Payments Pendente Lite, and on motion of James F. Ailshie, Jr., and W. H. Langroise, Attorneys for defendant, IT IS ORDERED that Beulah B. McDonald, now Beulah B. Martin, the above named plaintiff be and appear before me in the Courtroom in the County Courthouse at Gooding, County of Gooding, State of Idaho, on the 5th day of May, 1934, at 2:00 o'clock P. M., and then and there show cause why the said Petition for Order to Withhold Payments Pendente Lite should not be granted;

"AND IT IS FURTHER ORDERED that pending the hearing upon said Petition the defendant, James McDonald, his agents, trustee or trustees, assignee or assignees, be, and they hereby are, authorized and directed to withhold any and all payments of whatsoever kind or character directed to be made by the said James McDonald to said Beulah B.

McDonald, now Beulah B. Martin, in accordance with the agreement between said parties dated December 11, 1924, and the decree of this Court dated December 15, 1924, which incorporated the said agreement as a part of the said decree.''

On May 1, 1934, the foregoing order, together with the petition therefor, was served upon attorneys for defendant and on the same day an *ex parte* application was made to the district court on behalf of defendant for an order dissolving the order entered on April 30, 1934, and the court entered the following order:

''It appearing to the undersigned District Judge *that the court was without jurisdiction to enter its order of April 30, 1934,* authorizing and directing the defendant James McDonald, his agents, trustee or trustees, assignee or assignees to withhold any and all payments of whatsoever kind and character directed to be made by the said James McDonald to the plaintiff herein, pending the hearing upon the petition of the defendant for order to withhold payments *pendente lite.*

''THEREFORE, IT IS HEREBY ORDERED that the order of this court heretofore entered upon the 30th day of April, 1934, authorizing and directing the defendant James McDonald, his agents, trustee or trustees, assignee or assignees, to withhold any and all payments of whatsoever kind or character directed to be made by the said James McDonald to the plaintiff herein pending the hearing upon the defendant's petition for order to withhold payments *pendente lite* be and the same is hereby dissolved, vacated and set aside.''

On May 4, 1934, James McDonald, designating himself ''Plaintiff in error,'' instituted this original proceeding to review and have determined the validity of the trial court's action in making its order of May 1, 1934, whereupon, on the fourth day of May, 1934, this court issued its writ of review directed to Honorable D. H. Sutphen, District Judge of the fourth judicial district, and the clerk of said court, in and for Blaine county, for the purpose of reviewing the

order and proceedings of said district court in the matter of the dissolution and vacation of its order of April 30, 1934. . On May 9, 1934, defendant filed an application in this court for $3,000 attorneys' fees and $500 suit money, to enable her to defend against said writ of review. On May 21, 1934, she also filed a motion to dismiss the proceedings on writ of review.

From the record before us there are two main questions presented for. determination: First, did the trial court have jurisdiction to enter the order of April 30, 1934; and, second, is defendant entitled to an award of attorneys' fees and suit money for the purpose of the proceedings in this court?

An examination of the order entered May 1, 1934, discloses that the court vacated and set aside the order of April 30, 1934, upon the sole and only ground that it was without jurisdiction to enter such order. It is the contention of defendant that said order is an injunction and that the court was without jurisdiction to enter the same for the reason that no undertaking was given as is provided by I. C. A., sec. 6–405, which section provides, *inter alia,* that:

"On granting an injunction, the court or judge must require, except when the state, a county, or municipal corporation or a married woman in a suit against her husband, is a party plaintiff, a written undertaking on the part of the plaintiff, with sufficient sureties to the effect that the plaintiff will pay to the party enjoined such costs, damages, and reasonable counsel fees, not exceeding an amount to be specified, as such party may incur or sustain by reason of the injunction, . . . . ''

I. C. A., sec. 6–401, provides:

"An injunction is a writ or order requiring a person to refrain from a particular act. . . . . ''

I. C. A., sec. 6–406, provides:

"If the court or judge deem it proper that the defendant, . . . . should be heard before granting the injunction, an order may be made requiring cause to be shown at a

specified time and place, why the injunction should not be granted, and the defendant may, in the meantime, be restrained.''

It was held in *MacWatters v. Stockslager*, 29 Ida. 803, 162 Pac. 671, and *Rowland v. Kellogg Power etc. Co.*, 40 Ida. 216, 233 Pac. 869, that a restraining order, such as is provided for in I. C. A., sec. 6–406, is an injunction, and is void unless plaintiff gives an undertaking as is required by I. C. A., sec. 6–405. We are not of the opinion that the order made on April 30, 1934, and set aside May 1, 1934, was either an injunction or a restraining order. As counsel for defendant state in their brief: ''the order is not directed to Mrs. Martin, and the Fulton Trust Company is not a party to the action.'' Defendant, the adverse party, is not enjoined from collecting the money or from doing any act whatsoever by the order. While, in the order of April 30, 1934, plaintiff was authorized and directed to withhold any and all payments stipulated to be paid under the terms of the contract, yet it was nothing more than a permissive order running to himself. Counsel for defendant state in their brief that: ''This order of April 30, 1934, is unique and unusual, in that the plaintiff on review, McDonald, has procured an injunction against himself. We have been unable to find any other instance of this sort in the books.'' Carrying such a conclusion to its logical result, if the order be said to be an injunction procured by plaintiff against himself the required bond must run in favor of plaintiff, he thereby indemnifying himself, the statute requiring an undertaking ''to the effect that the plaintiff will pay to the party enjoined (plaintiff) such costs, damages, and reasonable counsel fees . . . . as such party may incur or sustain by reason of the injunction,''. (I. C. A., sec. 6–405.) In the light of the record the order simply permits plaintiff to refrain from making certain payments, *pendente lite*. The purpose of the order and the reason for obtaining the same was to place plaintiff in a position where, in the event the court should hold that the contract was a part of the decree of divorce and constituted a provision for the pay-

ment of alimony, plaintiff would not be in contempt of court for a failure to comply with the provisions of the decree and thereby be denied relief until he purged himself of contempt. The word "directed" might well have been omitted from the order, but, when considered in the light of the entire order, the word is not controlling, rather the entire content of the order controls, from which no other conclusion can reasonably be reached than that above indicated. We have therefore concluded that the order is neither an injunction nor a restraining order, and therefore no bond was required.

It is further contended, in effect, by defendant that the lower court acted properly and within its jurisdiction when it dissolved the order of April 30, 1934, for the reason that the order could not be enforced by the courts of this state, because the Fulton Trust Company, or other parties, who have possession and custody of the funds directed to be withheld, are not parties to this action. What, if any, effect the order may have upon persons not parties to this action, or whether it is enforceable, is not decisive of the question of whether or not the court had jurisdiction to enter the order. The order attempts only to authorize and direct "James McDonald, *his* agents, trustee, or trustees, assignee or assignees . . . . to withhold any and all payments of whatsoever kind or character directed to be made by the said James McDonald to said Beulah B. McDonald, now Beulah B. Martin. . . . . " The order does not attempt to determine who the agents, trustee or trustees, assignee or assignees of plaintiff may be, and the order does not directly name either the Fulton Trust Company or any person as being one of those in any of the named capacities. Any question of irregularity in the order, of error in the order, or of the efficacy or enforceability of the order is not before this court for determination, *but only the question of whether the court had jurisdiction to make the order,* as is more specifically referred to hereinafter.

It is the contention of defendant that neither the decree of divorce nor the contract alleged to be a part

thereof, and sought to be modified by the proceedings in the lower court, makes any provision for the payment of alimony by plaintiff, and that for such reason, and, since no appeal was prosecuted from the decree of divorce, it has become final, for all of which reasons the district court and this court are without jurisdiction to alter or modify said decree in the respect sought by plaintiff in this proceeding. It is difficult to determine from the pleadings of plaintiff whether he is seeking a modification of the decree upon the theory that the payments provided for in the contract constitute alimony and are thus subject to modification, or, whether he relies upon a breach of the terms of the contract by defendant, by reason of which breach he seeks to be relieved from making further payments stipulated to be made. Whether the stipulations in the contract may be said to be a part of the decree of divorce and provided for alimony, or whether the payments provided for by the terms of the contract constitute alimony and that this proceeding may thus be said to be a continuation of the divorce proceeding, or, upon the other hand, whether the action is upon a breach of contract and should or should not be maintained as an independent action, are not controlling in this case in so far as determining whether the lower court had jurisdiction to make its order of April 30, 1934. Whatever view the trial court may ultimately take would not defeat its jurisdiction to determine whether or not it would make the order. If the court should determine that the contract is a part of the decree and that the payments stipulated to be made therein are alimony payments, the court had jurisdiction of the parties and the subject matter. (I. C. A., sec. 31–706; *Humbird v. Humbird,* 42 Ida. 29, 243 Pac. 827.) If it be concluded by the lower court that there is no provision made for alimony in the decree or contract and that this action must be maintained, if at all, as an independent action, that being a matter for determination by the trial court, it is within its jurisdiction. It appears from the pleadings that plaintiff came into the lower court and, among other things, pleaded the contract, alleged a breach

thereof by defendant, and prayed that he be required to make no further payment to defendant of any sum whatsoever. Defendant in her original appearance in the instant proceeding appeared through her attorneys by motion which recites, in part, as follows:

"That plaintiff desires to defend upon said proceeding for modification of said decree; that she has stated the facts involved herein to her attorneys, who have advised her that she has a meritorious defense thereto; that she is without means to pay the costs and expenses of defending against said petition for modification of decree, and of preparing her defense thereto so as to enable her to make and present the showing required by said order to show cause, without impairing the principal of her separate estate, which she has acquired and which has been paid to her pursuant to the decree aforesaid . . . . ; that plaintiff has been obliged to employ attorneys to defend said action upon said petition for modification of decree.

"WHEREFORE, Plaintiff moves that an order be made and entered herein directing the defendant to show cause, if any he has, why he should not be ordered and required to pay the plaintiff the sum of One Thousand Dollars suit money, and Five Thousand Dollars Attorneys fees herein, and that upon the hearing of said order to show cause that an order be made and entered herein requiring the defendant to pay such sums to the plaintiff."

An order to show cause such as was requested in the foregoing motion was entered by the lower court February 1, 1934. At no time during the instant proceedings for modification has defendant made any objection that she is not in court, but has appeared generally and voluntarily and asked affirmative relief which can only be said to be consistent with jurisdiction in the lower court of the parties and the subject matter. I. C. A., sec. 5-512, provides, *inter alia*:

"The voluntary appearance of the defendant is equivalent to personal service of the summons and a copy of the complaint upon him."

 If a party wishes to insist upon the objection that he is not in court, he must keep out for all purposes except to make that objection. (*Pingree Cattle Loan Co. v. Webb,* 36 Ida. 442, 211 Pac. 556; *Pittenger v. Al. G. Barnes Circus,* 39 Ida. 807, 230 Pac. 1011; *American Surety Co. v. District Court,* 43 Ida. 589, 254 Pac. 515.) Any appearance by which a case is recognized as pending, with jurisdiction of the subject matter and of the parties, constitutes a general appearance, and gives jurisdiction. (*Hammond v. District Court,* 30 N. M. 130, 228 Pac. 758, 39 A. L. R. 1490; *Zobel v. Zobel,* 151 Cal. 98, 90 Pac. 191; *Gravelin v. Porier,* 77 Mont. 260, 250 Pac. 823; *Edmonston v. Porter,* 65 Okl. 18, 162 Pac. 692; *Jameson v. Harvel,* 139 Okl. 39, 280 Pac. 1080; *In re Cewaucan River,* 89 Or. 659, 175 Pac. 421.) The court having jurisdiction of the parties and of the subject matter had jurisdiction of the particular matter before it; namely, the making of the order.

"When jurisdiction is, by this code, or by any other statute, conferred on a court or judicial officer all the means necessary to carry it into effect are also given; and in the exercise of the jurisdiction if the course of proceeding be not specially pointed out by this code, or the statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of this code." (I. C. A., sec. 1–1622.)

"The court having jurisdiction of both the subject matter and person of the defendants, has the right and authority to hear and determine all questions that occur in the case and are essential to a decision of the merits of the issues, and it likewise has authority and jurisdiction to make such orders and issue such writs as may be necessary and essential to carry the decree into effect and render it binding and operative." (*Taylor v. Hulett,* 15 Ida. 265, 97 Pac. 37, 19 L. R. A., N. S., 535; *Baldwin v. Anderson,* 50 Ida. 606, 299 Pac. 341; *Bunnell & Eno Inv. Co. v. Curtis,* 5 Ida. 652, at 659, 51 Pac. 767; *State v. Poynter,* 34 Ida. 504, at 514, 205 Pac. 561, 208 Pac. 871; *United States Nat. Bank v. Eldredge,* 49 Ida. 363, 288 Pac. 416.)

██ The court had jurisdiction of the parties and of the subject matter and of the particular matter before it, the making of the order of April 30, 1934, which being true, however irregular or erroneous its order may be, it was not absolutely void. (*Taylor v. Hulett, supra; Baldwin v. Anderson, supra; Bunnell & Eno Inv. Co. v. Curtis, supra; State v. Poynter, supra; United States Nat. Bank v. Eldredge, supra;* 33 C. J. 1078, sec. 39.) The court therefore erred in setting aside the order upon the sole ground that it was without jurisdiction to make it.

██ There is no merit in the contention that due process was not had because the order was issued *ex parte* for the reason that after the order of April 30, 1934, was issued defendant had full and ample opportunity to present any defense she might have. (*American Surety Co. v. Baldwin,* 287 U. S. 156, 55 Sup. Ct. 98, 77 L. ed. 231, 86 A. L. R. 298.)

Coming now to the second question: The original application in this court for an order directing the plaintiff to pay $3,000 attorneys' fees and $500 suit money to defendant to enable her to defend against the writ of review. Article 5, section 8, of the Constitution of Idaho provides that:

''The Supreme Court shall . . . . have . . . . jurisdiction to issue . . . . all writs necessary or proper to the complete exercise of its appellate jurisdiction.''

██ The Supreme Court may allow attorneys' fees or suit money on appeal in divorce cases when the same is necessary to the complete exercise of its appellate jurisdiction. (*Roby v. Roby,* 9 Ida. 371, 74 Pac. 957, 3 Ann. Cas. 50; *Enders v. Enders,* 34 Ida. 381, 201 Pac. 714, 18 A. L. R. 1492.) The rule would seem to be that in order to invoke the original discretion of the Supreme Court to order the payment of attorneys' fees and suit money it must be made to appear that there is occasion for the exercise of such appellate jurisdiction and that the allowance is necessary or proper to the complete exercise of such appellate jurisdiction. (*Vollmer v. Vollmer,* 43 Ida. 395, 253 Pac. 622; *Hay v. Hay,* 40 Ida. 624, 235 Pac. 902; *Galbraith v. Galbraith,*

38 Ida. 15, 219 Pac. 1059; *Enders v. Enders, supra; Callahan v. Dunn,* 30 Ida. 225, 164 Pac. 356; *Roby v. Roby, supra.*) From the affidavit and additional showing made by defendant it appears without controversy that the plaintiff has paid to the defendant not less than $300,000 subsequent to the granting of the divorce to which reference has heretofore been made. Defendant in her affidavit makes the following statement: "that affiant is without means to pay the costs and expenses of defending in said proceeding or to pay her attorneys' fees therein without impairing the capital of her separate estate, which has been acquired by and paid to her pursuant to the contract heretofore made and entered into between the parties, and heretofore referred to herein";

The plaintiff does not state that she is without funds, but on the contrary states that she has a separate estate which would be impaired provided she is called upon to pay attorneys' fees and suit money. From the record it appears that the plaintiff has a separate estate, that the children also have a separate estate and are provided for as a result of a judicial determination of an interest in their grandfather's estate (*McDonald v. Maxwell,* 12 Fed. (2d) 822, 56 App. D. C. 287), and it also appears that there is no community property. I. C. A., sec. 31–704, provides:

"While an action for divorce is pending, the court may, in its discretion, require the husband to pay *as alimony* any money necessary to enable the wife to support herself or her children, *or to prosecute or defend the action.*"

I. C. A., sec. 31–708, provides for executing "the four preceding sections," including I. C. A., secs. 31–704, 31–705, 31–706 and 31–707, and provides:

"In executing the four preceding sections the court must resort, first to the community property, then to the separate property of the husband."

The next section, I. C. A., sec. 31–709, provides:

"When the wife has a sufficient separate estate, or there is community property sufficient to give her alimony or a

proper support, the court *must* withhold any allowance to her out of the separate property of the husband.''

In the instant case the wife has a sufficient separate estate to enable her to properly defend in this proceeding. There is no community property, apparently, to which the court could resort for the payment of said attorneys' fees and suit money. In such circumstances it would seem that this is not a proper case such as would justify this court in resorting to the separate estate of the husband, thereby requiring him, as a condition precedent to his right to maintain this action, that he pay into this court and to the clerk thereof attorneys' fees and suit money as prayed for in defendant's application. In other words, from the showing made by the defendant it does not appear necessary or proper to the complete exercise of this court's appellate jurisdiction that the order be granted. The application is therefore denied. In determining the question of the allowance of attorneys' fees and suit money we are not to be understood as deciding whether or not this is a divorce action such as is referred to in I. C. A., sec. 31–709, or a continuation of the original divorce proceeding, or is an independent action upon breach of contract, or properly before the trial court as such.

From what has been said it follows that the order of the court setting aside and holding for naught its order of April 30, 1934, upon the sole ground that it was without jurisdiction to make said order, is reversed and the cause remanded, with instructions to the court to reinstate said order, and the application of the defendant for attorneys' fees and suit money is denied.

Each party to pay their own costs.

Givens and Wernette, JJ., concur.

MORGAN, J., Dissenting.—I am not in accord with that portion of the foregoing opinion wherein it is held the district court had jurisdiction to issue the order relieving Mc-

Donald, *pendente lite,* from his contractual obligation to make payments of money to Mrs. Martin.

In that opinion the order in question is referred to as a permissive order running to McDonald. This is correct. The order is not an injunction but assumes to permit Mc-Donald to withhold payments due to his former wife pursuant to a contract which was entered into between them prior to their divorce and which was modified after the decree of divorce was entered so as to require payments from him to her in specified amounts at specified times. The decree of divorce does not require McDonald to pay anybody anything. It was attempted by this order, procured *ex parte* in the divorce case, to protect him in refusing to pay money to her which their contract obligated him to pay. The question is, had the court jurisdiction to make the order. It is said in the opinion:

"The purpose of the order and the reason for obtaining the same was to place plaintiff in a position where, in the event the court should hold that the contract was a part of the decree of divorce and constituted a provision for the payment of alimony, plaintiff would not be in contempt of court for a failure to comply with the provisions of the decree and thereby be denied relief until he purged himself of contempt."

McDonald would not be guilty of contempt for failure to make a payment which the court had not ordered him to make. The decree must, and does, speak for itself and shows that McDonald was not thereby required to pay money to his former wife. The amounts of these payments and times they were to be made were fixed by a contract entered into between them after their divorce.

The court was without jurisdiction to make the order relieving McDonald from making payments *pendente lite;* not without jurisdiction of the parties, but of the relief it sought to grant, and the invalidity of the order appears from an inspection of the judgment-roll.

"In addition to the jurisdiction of the parties and the subject matter, it is necessary to the validity of a judgment

that the court should have jurisdiction of the question which its judgment assumes to decide, or of the particular remedy or relief which it assumes to grant." (*Gile v. Wood,* 32 Ida. 752, 754, 188 Pac. 36, 37, and cases therein cited; *Miller v. Prout,* 33 Ida. 709, 197 Pac. 1023; *Maloney v. Zipf,* 41 Ida. 30, 237 Pac. 632; *Backman v. Douglas,* 46 Ida. 671, 270 Pac. 618; *Baldwin v. Anderson,* 51 Ida. 614, 8 Pac. (2d) 461; *Angel v. Mellen,* 48 Ida. 750, 285 Pac. 461; *Wright v. Atwood,* 33 Ida. 455, 195 Pac. 625.)

In *Nixon v. Tongren,* 33 Ida. 287, 193 Pac. 731, the second section of the syllabus, which was by the court, is as follows:

"The district court may at any time vacate or set aside its judgment previously entered when it is apparent from the face of the judgment-roll that such judgment is void."

That rule applies to orders as well as judgments. In *Kerns v. Morgan,* 11 Ida. 572, 581, 83 Pac. 954, 957, this court said:

"We conclude that the order of January 7th was unauthorized and void, and the court had the power to vacate and set aside such order on his own motion or at the instance of any person affected thereby at any time the matter might be called to his attention." See, also, *Gile v. Wood,* 32 Ida. 752, 188 Pac. 36; *Miller v. Prout,* 33 Ida. 709, 197 Pac. 1023; *Jensen v. Gooch,* 36 Ida. 457, 211 Pac. 551; *Kline v. Shoup,* 38 Ida. 202, 226 Pac. 729; *Maloney v. Zipf,* 41 Ida. 30, 237 Pac. 632; *Backman v. Douglas,* 46 Ida. 671, 270 Pac. 618; *Baldwin v. Anderson,* 51 Ida. 614, 8 Pac. (2d) 461; *Angel v. Mellen,* 48 Ida. 750, 285 Pac. 461.)

In *People v. Davis,* 143 Cal. 673, 77 Pac. 651, 652, cited and relied on in *Gile v. Wood, supra,* it is said:

"The power of a court to vacate a judgment or order, void upon its face, is not extinguished by lapse of time, but may be exercised whenever the matter is brought to the attention of the court. While a motion for such action on the part of the court is entirely appropriate, neither motion nor notice to an adverse party is essential. The court has full power to take such action on its own motion and without any application on the part of anyone."

The proceeding in the district court cannot be distorted into an independent action on the contract, by McDonald against Mrs. Martin, or for relief from it on any ground recognized in this jurisdiction. The allegations of the petition are incapable of being construed to be a complaint having such purpose. It is given the same title as the divorce suit. No ground is set up, cognizable in equity, for relief of defendant, plaintiff here, from the terms of the contract. The document by means of which he sought to invoke the jurisdiction of the court is entitled "Petition for Modification of Decree." There is no allegation therein of fraud, mistake or undue influence, whereby he was procured to enter into the contract. Furthermore, when an action is commenced there are fees to be paid to the clerk of the court in which the complaint is filed and it does not appear that fees accompanied this petition. The prayer to the petition is as follows:

"WHEREFORE, defendant prays:

"(1) That an order be issued requiring plaintiff to appear and show cause, at a time to be therein stated, why the decree heretofore entered in the above entitled action on the 15th day of December, 1924, should not be modified, and plaintiff required to answer this petition.

"(2) That the court modify its decree of December 15, 1924, to provide that defendant be required to make no further payment to plaintiff of any sum whatsoever.

"(3) For such other and further relief as may be meet and just."

The suggestion in the opinion that the proceeding in the lower court to modify the decree of divorce may be considered an independent action is apparently the first time plaintiff here, or his attorneys, ever heard of such a theory.

Even if, by any stretch of the imagination, the proceeding in the district court could be construed to be an original action to modify or otherwise procure relief from the contract between the parties litigant, there is no provision of law investing the trial judge with jurisdiction to relieve the plaintiff in such action from the payment of sums due

from him to the defendant *pendente lite,* unless it be by injunction, and I am agreed with the foregoing opinion that the order which the trial judge vacated is not an injunction.

In the opinion it is said:

"If it be concluded by the lower court that there is no provision made for alimony in the decree or contract and that this action must be maintained, if at all, as an independent action, that being a matter for determination by the trial court and is within its jurisdiction."

That is the matter which the trial court decided. Evidently it examined the judgment roll and found no provision in the decree requiring plaintiff here to make payments of money to his former wife; that whatever money was payable to her by him was due, or to become due, on contract, and payments thereof were not enforceable under the terms of the decree; that the court was without jurisdiction to make the order of April 30, 1934, wherein it was attempted to authorize plaintiff herein to withhold payments to his former wife according to the terms of their contract, and this discovery resulted in the order of May 1, vacating and dissolving the order of April 30, 1934.

The order of the district Judge, of May 1, dissolving his former order is correct, and plaintiff's complaint in the proceeding before us does not state facts sufficient to constitute a cause of action and should be dismissed.

HOLDEN, J., Dissenting.—The decree in the McDonald divorce suit was entered December 15, 1924. Before that date, to wit, December 11, 1924, the McDonalds fully settled their property rights upon terms mutually satisfactory to them, and without submitting a determination of such rights to the court; in other words, the McDonalds did not litigate, and the court did not adjudicate, the property rights of the McDonalds, and that that is the fact is placed beyond controversy by the decree itself, wherein the trial court expressly states that "and the court finds that the property rights of the respective parties to this action have

been *settled out of court*" (emphasis mine). It is true that, following the above quotation, it is also stated that, "as will more fully appear by the terms of the said agreement, which is hereby referred to and made a part hereof," which serves to show the reason the court did not attempt to settle or adjudicate the property rights of the parties, was, that the parties had already done that themselves, out of court, by the contract, to which reference is made, and further emphasizes the fact that the parties themselves preferred to, and did, settle their property rights *out of court,* instead of having such rights settled *in court,* and also that the court, for that reason, and the further reason that no issue involving property rights was submitted to the court, had no intention of settling the property rights of the parties, or of making an order in relation thereto, and, accordingly, the court did not adjudicate those rights, nor make an order in relation thereto, either for the payment of money, or otherwise, but merely entered a decree of divorce. No order ever having been made by the court directing the payment of any sum or amount of money whatever, and the property rights of the parties having been mutually settled by contract, *out of court,* a failure to pay any sum contracted to be paid would be a breach of contract, and not a contempt of court; hence, the trial court was without jurisdiction to make the order in question here.

Therefore, I dissent from that portion of the majority opinion, holding that the trial court had jurisdiction to make the order relieving McDonald from making payments of money to Mrs. Martin, formerly Mrs. McDonald, as he, McDonald, contracted and agreed, out of court, to make.