[No. 6093.]
## JULIA GRADY ET AL. v. DAVID PORTER.

STIPULATION IN PROBATE COURT.—The Probate Court has power to enforce the terms of a stipulation entered into by parties litigant before it in reference to a subject-matter of which the Court has jurisdiction.

ESTOPPEL BY JUDGMENT OF PROBATE COURT.—The contestants of a will entered into a stipulation with the proponent thereof, and by the terms of the stipulation the contestants were, in effect, substituted as legatees and devisees—the proponent being the executor. The stipulation was duly filed, and was made the basis of the subsequent proceedings in the Probate Court. The final account of the executor was settled without opposition, the estate was fully distributed, and the executor finally discharged. Subsequently the contestants sued the executor for property alleged to have been wrongfully omitted from the inventory: *held*, that the final settlement under the stipulation was an estoppel.—[REPORTER.]

APPEAL from the District Court of the Third Judicial District, San Francisco.

Judgment was rendered for the plaintiffs, and the defendant appealed. The facts are stated in the opinion.

*George & Loughborough*, for Appellant.

The plaintiffs having voluntarily appeared and submitted the same matters to the decision of the Probate Court, and that Court having rendered its decree in a proceeding within its jurisdiction, upon the faith of their consent thereto, and the defendant, upon the faith of that consent, having waived his right to his commissions, etc., they are now concluded by that decree, and the account thereby settled. (*Hagar* v. *Supervisors of Yolo*, 47 Cal. 223 ; *Re Campbell*, 17 N. B. Reg. 13 ; *Jones* v. *Hersey*, 4 Md. 306 ; 1 Greenl. on Ev. secs. 22 and 207.)   The decree is conclusive upon all matters directly involved, or discussed, or necessarily included in the decision.  (*Cummings* v. *Cummings*, 123 Mass. 270 ; *Boynton* v. *Dyer*, 18 Pick. 5.)   Nor is it necessary, if the parties are the same, that the cause of action should be the same.  (*Merriam* v. *Whittemore*, 5 Gray, 316.) Having had their day in Court, the decree is conclusive upon plaintiffs as to all matters that might have been then and there proved to the contrary of the facts decided by that decree. This rule applies to the orders and decrees of Probate Courts. (*Brummagim* v. *Ambrose*, 48 Cal. 366.)

*J. R. Sharpstein,   C. R. Greathouse*, and *J. H. Budd*, for Respondents.

We do not deny that the doctrine of *res adjudicata* applies to the judgments and decrees of Probate Courts.  ."But neither the judgment of concurrent or exclusive jurisdiction is evidence of any matter which came collaterally in question, though within their jurisdiction, nor of any matter incidentally cognizable, nor of any matter to be inferred by argument from the judgment."   (Sir W. DeGrey, in *Duchess of Kingston's Case*, cited in *Garwood* v. *Garwood*, 29 Cal. 523.)   In the *People* v. *Frank*, 28 Cal. 507, this Court said: "That the law does not favor estoppels, and a party cannot be precluded from giving evidence touching matters directly or collaterally involved in the issue, upon the mere suspicion that they have already been determined against him by competent judicial authority ; before

that can be done, it must appear with certainty that such mat-
ters have been so determined."

To constitute a bar the question must have been directly in-
volved in an action or proceeding in some Court having juris-
diction of it. The matter in issue in this case was not before
the Probate Court, and that Court did not, and could not, finally
determine it. The question at issue here is, whether the de-
fendant has delivered to the plaintiffs all the property of the
estate, as it was his duty to do.

By the COURT:

The action is brought by Julia and Eliza Grady, heirs at law
of one Eliza Berry, deceased, against David Porter, who had
been the sole executor of the last will and testament of said
deceased, to recover from the latter the sum of eight thousand
three hundred and twenty-eight dollars and fifteen one-hun-
dredths, gold coin, and also the value of divers dresses, wearing
apparel, jewelry, etc., which it is alleged that he had in his
possession, belonging to the estate of the deceased, and which
the plaintiffs had demanded of him, but which he had refused
to deliver to them.

It appears that one Eliza Berry had departed this life in the
year 1870, and thereafter the defendant Porter filed in the Pro-
bate Court of San Joaquin County an instrument in writing
purporting to be her last will and testament, devising and be-
queathing to the said Porter all her property, and nominating
him her sole executor. Thereupon the plaintiffs here, the only
heirs of said decedent, filed their written opposition to the pro-
bate of the said alleged will, they claiming that it had not been
properly executed by the deceased; that she was at the time
under restraint, undue influence, and fraudulent misrepresenta-
tion, and that the execution of the alleged will was procured
through the undue influence and fraudulent misrepresentation
of said David Porter. Upon filing these objections, special
issues were framed under the direction of the Probate Court,
and submitted to a jury duly impanneled. After the evidence
had been put in, and before the jury had retired to consider of

their verdict, the respective parties, proponent and contestants, entered into and filed in the Probate Court a stipulation, as follows:

"PROBATE COURT,
"IN AND FOR THE COUNTY OF SAN JOAQUIN, CALIFORNIA.

"In the matter of the estate of Eliza Berry, deceased, December 9th, 1871.

"Proponent of the will, David Porter; contestants of the will, Julia Grady and Eliza J. Grady.

"It is hereby stipulated and agreed by and between the parties to above contest, as follows:

"First—That the Judge shall, by consent of the parties, charge the jury to find the special issues submitted to them in favor of David Porter, the proponent of said will.

"Second—That there shall, by consent of all parties, be paid out of the assets and estate of said Eliza Berry, deceased, the sum of two thousand five hundred dollars, in United States gold coin, to the counsel for proponent in the above contest.

"Third—That there shall, by the consent of all parties, be paid out of the assets and estate of said Eliza Berry, deceased, the sum of three hundred dollars, for the erection of a monument over the grave of said Eliza Berry, deceased, said monument to be constructed under the joint superintendence of said David Porter and said Julia Grady and Eliza J. Grady.

"Fourth—That the costs of Court of this contest on both sides shall, by consent of all parties, be paid out of the estate of said Eliza Berry, deceased.

"Fifth—That said David Porter shall, so soon as the debts of said estate are paid, and with all convenient speed, convey by a good and sufficient deed, free and clear from all incumbrances, (save and except the debts of said Eliza Berry, deceased, and the sums herein provided to be paid out of said estate) and deliver up to said Julia Grady and said Eliza J. Grady, all the real and personal property and assets and choses in action owned by said Eliza Berry at the time of her decease, or to which the said Eliza Berry, at the time of her decease, was in any wise entitled.

" Sixth—By consent of all parties there shall be allowed out of the income of said estate, during the administration of said estate, (provided in the judgment of the Judge of this Court the condition of the estate will so allow) the monthly sum of fifty dollars in United States gold coin, as a support for said Julia and said Eliza J. Grady."

Pursuant to this stipulation the Judge of the Probate Court charged the jury to find, and they did accordingly find, the special issues in favor of Porter, proponent of the said will, and thereafter and pursuant to said verdict the will was admitted to probate and letters testamentary thereon duly issued to Porter, who, having administered upon the estate, was subsequently discharged, as presently mentioned.

In his answer to the complaint here, Porter relied upon a judgment rendered in the Probate Court, by which his final account as executor was approved and allowed, upon proceedings regularly had for that purpose—to which proceedings in the settlement of his final account the plaintiffs here were parties actually appearing and consenting thereto. At the trial of this action, the defendant put in evidence the record of the proceedings of the Probate Court touching the final settlement of the estate of Eliza Berry, deceased, by which it appeared that he had, on the 15th day of January, 1873, rendered and presented for settlement his annual account of the administration of said estate, and the plaintiffs here appeared and made opposition to certain designated portions of said annual account, and that their exceptions in that behalf having been in part argued before the Probate Court, a decision by the Court thereon was then expressly waived by all parties, and it was agreed that the executor should file his final account, which he subsequently did; and after it had been actually filed it was expressly stipulated in writing by all the parties, that said final account, (which on its face referred to certain property as having been delivered to the plaintiffs here " pursuant to stipulation ") be allowed and settled as filed, the executor discharged, and the administration closed; and subsequently, upon due publication of notice, and proceedings regularly had, the Probate Court, pursuant to the

stipulation, entered its order, which, after reciting the stipulation and other proceedings, is as follows :

" It is ordered and decreed that the said final account be, and the same is hereby, in all respects as the same was rendered and presented for settlement, approved, allowed, and settled. And it further appearing, to the satisfaction of the Court, that the said David Porter, said executor of the last will and testament of said Eliza Berry, deceased, has paid all sums of money due from him as such executor, and has delivered up all the property of said estate in his hands, as such executor, to the parties entitled, and has performed all the acts lawfully required of him as such executor, and it having been shown that said estate has been fully administered, now, on motion of counsel for said executor, it is ordered, adjudged, and decreed that the said David Porter, executor as aforesaid, has fully and faithfully discharged the duties of his trust; that he is hereby wholly and absolutely discharged from all further duties and responsibilities as such executor, and his letters testamentary are hereby vacated; that the said estate is declared fully distributed, and the trust settled and closed, and the said executor is hereby released from any liability to be hereafter incurred."

At the trial the Court below refused the following instruction asked by the defendant: " The decree of final discharge rendered by the Probate Court, and which has been read to you in evidence, is a bar to the right of the plaintiffs to recover for the value of any articles or article of personal property mentioned in the complaint, and the omission of which from the defendant's account in the Probate Court was specified in their opposition to said account," and, at the request of the plaintiffs, instructed the jury that the settlement of the final account in the Probate Court did not operate to bar the plaintiffs from a recovery as to any property of the estate omitted by Porter from the inventory and account.

Had the plaintiffs here been the legatees and devisees of Eliza Berry, the settlement of the final account of Porter, as executor, would have been conclusive against them in this action. (Code of Civil Procedure, sec. 1637.) By the fifth clause of the stipulation pursuant to which the will was admitted to probate, the plaintiffs here were in effect substituted

as such legatees and devisees. They thereby became the beneficial owners of the entire estate, after the deductions in that stipulation provided to be made. The stipulation itself was filed in the Probate Court, and was made, by consent of all parties, the basis of the subsequent proceedings had in that Court. It was only by reason of that stipulation that the plaintiffs here obtained a standing in that Court subsequently to the admission of the will to probate. It was only under its provisions that the plaintiffs here, as being parties interested in the estate, exercised and were permitted to exercise the right of objecting to the accounts of the executor, annual and final, and to assent to the final account, which, as we have seen, they subsequently did. The account thus assented to, as has been observed already, was made out and filed pursuant to the consent of all parties, and on its face it referred to the original stipulation on file. One of its items was, " Real estate conveyed to the Misses Grady, pursuant to stipulation, appraised at seventeen thousand five hundred dollars." We know of no reason why the Probate Court might not entertain and enforce this stipulation, as well as any other Court might enforce the stipulation of all parties litigant before it, in reference to a subject-matter of which the Court had jurisdiction ; and we are of opinion that the plaintiffs here are, under the circumstances, concluded by the final account and proceedings in the Probate Court had thereon.

Judgment and order denying a new trial reversed, and cause remanded for a new trial. Remittitur forthwith.