(May 1, 1912.)

## J. C. MILLER, Respondent, v. ARIZONA MITCHAM and ELIZABETH L. RILEY, Appellants.

[123 Pac. 141.]

RES ADJUDICATA—DECREE OF PROBATE COURT—DECREE OF DISTRIBUTION —DECREE QUIETING TITLE—SUFFICIENCY OF EVIDENCE.

(Syllabus by the court.)

1. Where a contest was waged between A and B in the probate court over appointment to administer the estate of M, and A was given the preference over B and was appointed administratrix on account of the showing made by A that B had been engaged with M in a partnership business, and after the estate was finally administered, and upon final decree of distribution, the probate court entered a judgment and decree distributing an undivided one-half interest in certain real estate, standing on the records in the name of B, and such decree of distribution was based upon the ground that B and M had been partners in business: *held,* that such order of appointment and decree of distribution cannot be successfully pleaded as *res adjudicata* so as to estop B from asserting his exclusive right of sole ownership to such property in an action to quiet his title to the property which was attempted to be distributed by the decree of distribution.

2. Evidence as to partnership existing between B and M examined, and *held* sufficient to support the finding that no partnership existed.

APPEAL from the District Court of the Second Judicial District, in and for Nez Perce County. Hon. Edgar C. Steele, Judge.

Action by plaintiff to quiet his title to certain real estate. Judgment for plaintiff and defendants appeal. *Affirmed.*

George W. Tannahill, ·for Appellants.

The probate courts of this state have exclusive jurisdiction of the settlement of estates of deceased persons (*Abrams v. White,* 11 Ida. 497, 83 Pac. 602; *In re Doane's Estate,* 64 Wash. 303, 116 Pac. 847), and their orders and judgments in regard to those matters cannot be attacked collaterally. (*Clark v. Rossier,* 10 Ida. 348, 3 Ann. Cas. 231, 78 Pac. 358; *O'Neil v. Potvin,* 13 Ida. 721, 93 Pac. 20, 257.)

Clay McNamee, and James L. Harn, for Respondent, cite no authorities on points decided.

AILSHIE, J.—This is an action to quiet title. The respondent is a brother to the appellants and the George W. Miller who figures in this case, and to whom reference will hereafter be made, was the father of appellants and respondent. Some time about 1901, or subsequent thereto, respondent and George W. Miller located homestead and timber claims in the state of Washington, and finally acquired title thereto and subsequently sold their holdings for something like $4,900, but retained some livestock which they had accumulated. A portion of the money derived from the sale was subsequently invested by respondent in the property now in dispute, which property is situated in or near the city of Lewiston. On about the 29th day of January, 1909, George W. Miller died intestate, leaving surviving him the appellants and respondent as his heirs. At the date of his death he was about seventy-six years old, and had been rather feeble for a number of years, though able to assist about the place in taking care of livestock and the like. On about the 3d of February, 1909, the appellant, Arizona Mitcham, filed her peti-

tion to the probate court of Nez Perce county, praying that she be appointed as administratrix of the estate of her deceased father, George W. Miller.  The petition for the appointment set forth a full and complete description of all the property which it was claimed belonged to the estate of the deceased, and included the property now in question, the title to which rested in the respondent, John Carlyle Miller. Respondent filed his protest against the appointment of Arizona Mitcham as administratrix and asked that he be appointed, claiming that under the provisions of the statute, secs. 5351 and 5352, of the Rev. Codes, he was entitled to preference over his sister in the appointment to administer the estate of his deceased father.  The petitioner, Arizona Mitcham, insisted on her right to the appointment, and contested the right of her brother, John Carlyle Miller, to the appointment, on the ground that her father, George W. Miller, and her brother, John Carlyle Miller, were partners, and that under the provisions of sec. 5351, Rev. Codes, a member of a partnership is not entitled to appointment as administrator of the estate of the deceased partner.  The probate court decided in favor of the petitioner, Arizona Mitcham, and appointed her as administratrix of the estate of her deceased father.  An appeal was thereupon taken to the district court, and the judgment of the probate court appointing the sister was affirmed.

This appointment seems to have been made upon the theory that the respondent herein, John Carlyle Miller, was disqualified on account of a partnership relation having existed between him and his father.  The estate was thereafter administered upon and final settlement was made, and on January 4, 1911, after due notice was given, a hearing was had upon the petition for final distribution, and decree was thereupon entered settling the account of the administratrix and distributing the estate of the deceased, and, among other things, the decree made or attempted to make a distribution of an undivided one-half interest in and to the lands described in the complaint herein as being the property of the estate of the deceased.  Respondent thereafter commenced this action

in the district court for the purpose of removing the cloud cast upon his title by the decree of distribution which purported to distribute a one-half interest in the real estate to the heirs and to have his title quieted.

A large number of errors have been assigned, but we shall only discuss in this opinion two principal points relied on. First, it is contended that the order appointing Arizona Mitcham administratrix of the estate and the order of final settlement and distribution, decreeing and distributing a one-half interest in this property to the heirs of the estate, is now *res adjudicata,* and estops the respondent from denying the partnership and right of the estate to one-half interest or share in this land. The second contention is that the evidence fully establishes the partnership relation which it is alleged existed between John Carlyle Miller and George W. Miller, and that there is no substantial evidence to support the finding and judgment that no partnership existed.

We will consider these questions in the order in which they are presented.

In the first place, the plea of a former adjudication on the question of partnership does not seem to us to be well taken. While it may be conceded that the appellant, Arizona Mitcham, was given preference over her brother in the matter of appointment to administer the estate on the ground that there was probably a partnership relation existing between the respondent and George W. Miller, still that was not the real question in issue and to be adjudicated. The question there determined was the qualification and fitness of Arizona Mitcham to be appointed administratrix of the estate of her deceased father. That question has been finally determined in her favor. If there was any serious doubt about a partnership relation existing, it was clearly the duty of the court to refuse to appoint Miller, the alleged partner, and appoint someone about whose qualifications there could be no doubt or question.

The decree of distribution of the estate has become a final judgment and decree to the extent of determining that all the interest that the estate had in certain property shall pass

and be distributed to the heirs of the deceased. This decree of distribution, however, does not settle or quiet the title to that property or determine the extent of the interest or title which the estate has in the property. That question can only be determined in a direct action, either between the estate and the party claiming an interest to the property, or between the heirs to whom distribution has been made and such party. In other words, a decree of distribution is not a decree affecting or adjudicating the title to the property as between the estate or the heirs to the estate and any third party.

Counsel for appellant cites and relies on *Abrams v. White,* 11 Ida. 497, 83 Pac. 602, *Clark v. Rossier,* 10 Ida. 348, 3 Ann. Cas. 231, 78 Pac. 358, and *In re Brady,* 10 Ida. 366, 79 Pac. 75, in support of his contention that probate courts have exclusive, original jurisdiction of the settlement of estates of deceased persons, subject only to review upon appeal, and that therefore the orders and decrees of the probate court in the Miller estate are conclusive adjudications against the respondent in this case. The foregoing authorities clearly and fully establish the proposition that the probate courts have exclusive, original jurisdiction in the settlement of estates of deceased persons, and it is within the jurisdiction of those courts to determine *who are the heirs of a deceased person and who is entitled to succeed to the estate and their respective shares and interests therein.* The decrees of probate courts are conclusive in such matters. A probate court, however, does not have jurisdiction to determine adverse claims or an adverse title to real estate, except in so far as such questions arise between the heirs or devisees of an estate and are necessary to be determined in the administration of the estate. No such jurisdiction, however, exists in the probate court to determine and adjudicate adverse and conflicting claims to title to real estate as between the estate or heirs thereof and third parties, and such issues can only be tried in a court of competent jurisdiction where the issue as to title and interest is directly and squarely made and presented to the court. Neither has a probate court equitable jurisdiction to take accountings and settle or dissolve partnerships

and determine those questions which necessarily arise in such litigation.

The next question urged here is as to the sufficiency of the evidence to support and justify the finding that there was no partnership relation existing between George W. Miller and respondent herein. Upon that question the evidence is conflicting. There is plenty of evidence as the same appears in the record to support a finding either to the effect that there was or was not a partnership, and the trial judge was confronted with the problem of determining which evidence was the more credible and under all the circumstances of the case to be given greatest reliance and credence. He resolved that conflict in favor of the respondent and against the appellants. In doing so, he had the advantage of seeing the witnesses upon the stand and hearing them testify and observing their demeanor. In the light of this situation, we would not feel justified in reversing his finding on this issue.

Counsel for appellant also charges that the court failed to find on all the issues presented. Our examination and comparison of the issues made by the pleadings with the findings of fact as made by the court satisfy us that the court has substantially covered all the material issues in the case, and those findings are against the appellants and in favor of the respondent.

We have examined the various assignments and find no error that would require a reversal of the judgment. Judgment should be affirmed, and it is so ordered, with costs in favor of respondent.

Stewart, C. J., and Sullivan, J., concur.