(June 18, 1925.)

## JAMES F. MALONEY, Appellant, v. GEORGIA ZIPF, Respondent.

[237 Pac. 632.]

JUDGMENTS—WHEN VOID—MAY BE VACATED ON MOTION—WHEN PROCEDURE IS NOT SPECIFIED SUITABLE MODE MAY BE ADOPTED.

1. It is necessary to the validity of a judgment that the court have jurisdiction of the question which it assumes to decide or the particular remedy or relief which it assumes to grant, and when any portion of a judgment or decree is void on its face

because of going beyond what the court was authorized to decide it may strike therefrom the void portion.

2. Where jurisdiction is conferred on a court or judicial officer all the means necessary to carry it into effect are also given, and if the procedure be not specifically pointed out any suitable mode may be adopted conformable to the spirit of the code.

APPEAL from an order of the District Court of the Third Judicial District for Ada County, recalling its *remittitur* and correcting its judgment. Hon. Raymond L. Givens, Judge. *Judgment affirmed.*

Karl Paine, for Appellant.

C. S., sec. 7175, has no application to the question before the court.

The respondent has mistaken his remedy, which was an appeal from the judgment, or a motion for a new trial, and not a motion to strike. (*Wyllie v. Kent,* 28 Ida. 16, 152 Pac. 194.)

Charles F. Koelsch and Johnson & Nixon, for Respondent.

It is within the jurisdiction and the duty of the district court, when it is brought to its attention that a portion of one of its decrees is void on its face, to amend it by striking out the void portion. (C. S., sec. 6726; *Dellwo v. Peterson,* 34 Ida. 697, 203 Pac. 472; *Miller v. Prout,* 33 Ida. 709, 197 Pac. 1023; *Gile v. Wood,* 32 Ida. 752, 188 Pac. 36.)

Where the order admitting the will to probate and appointing an executrix is reversed on appeal by the district court for error and not for want of jurisdiction, the district court should not remit its judgment to the probate court to be carried into effect by said court before the statutory time for appeal therefrom to the supreme court has expired; and if the district court has so remitted its judgment, it has the power to recall such judgment, where the executrix has duly perfected her appeal to the supreme court from said judgment. (C. S., sec. 6511; C. S., tit. 55, art. 3, chap. 261; *McDougall v. Sheridan,* 23 Ida. 191, 128 Pac. 954; *Fox v. Flynn,* 27 Ida. 580, 150 Pac. 44; *Smith v. Clyne,* 15 Ida.

254, 97 Pac. 40; *In re Skelly's Estate,* 21 S. D. 424, 113 N. W. 91; *Morgrage v. National Bank, etc.,* 25 Cal. App. 133, 142 Pac. 1124; *In re Prager's Estate,* 167 Cal. 737, 141 Pac. 369.)

WILLIAM A. LEE, C. J.—What purported to be the last will and testament of John F. Maloney, deceased, was admitted to probate and respondent was granted letters testamentary. An appeal from this order of the probate court was taken to the district court and after trial the district court made and entered a judgment which, among other things, recited that:

"It is further ordered, adjudged and decreed, that probate of said will be and the same is hereby rejected, and that the said order admitting said will to probate and granting letters testamentary to the defendant, Georgia Zipf, is null and void, and that the letters testamentary issued to defendant thereon be, and the same are hereby revoked and set aside, *and that all acts and proceedings of defendant as executrix of said will be, and the same are hereby annulled and set aside,* and that plaintiff have and recover his costs and disbursements herein amounting to the sum of $402.50.

"*It is further ordered that a copy of this judgment, duly certified by the Clerk of this Court, be forthwith remitted to said Probate Court.*"

Respondent moved to strike from the judgment entered in the district court the italicized words, which motion was granted, and the words above italicized were stricken. From this order of the district court, striking these words from the judgment, this appeal is taken upon the following assignments of error: (1) the court erred in sustaining a motion to strike from the judgment the part above referred to, and in declaring that the certified copy of the judgment entered October 25, 1923, and remitted to the probate court of Ada county be and the same is hereby recalled; (2) in holding that its judgment should not have been remitted to the probate court until after the time for an appeal had expired; (3) in making the order sustaining the motion to strike and

in entertaining said motion for any purpose or at all; (4) respondent's remedy was an appeal from the judgment or a motion for a new trial and not a motion to strike.

The words stricken from the judgment "and that all acts and proceedings of defendant as executrix of said will be, and the same are hereby annulled and set aside" was the entry of an order beyond what the court was authorized to make in that proceeding. It is necessary to the validity of a judgment that the court have jurisdiction of the question which it assumes to decide, or the particular remedy or relief which it assumes to grant, and when any portion of a judgment or decree is void on its face, because of going beyond what the court was authorized to decide, it may strike therefrom the void portion. (*Gile v. Wood,* 32 Ida. 752, 188 Pac. 36; *Miller v. Prout,* 33 Ida. 709, 197 Pac. 1023; *Wright v. Atwood,* 33 Ida. 455, 195 Pac. 195.)

The question presented to the district court on the appeal from the order of the probate court was limited to a determination of the question as to the validity of the instrument purporting to be the last will and testament of John F. Maloney, deceased. It was, therefore, not within the jurisdiction of the district court, upon such hearing, to adjudge all the acts and proceedings of defendant, as executrix, void or to annul the same. The appointment of respondent by the probate court as such executrix was not void but voidable. The administration of the estate of a deceased person is a proceeding *in rem.* When a person dies and leaves an estate within the territorial jurisdiction of the probate court such court has jurisdiction over the subject matter of administering such estate, and when the power of the probate court to administer such an estate is invoked by a petition in proper form the court has jurisdiction of the subject matter, and it attaches to the estate to be exercised in the manner prescribed by law, it being the court of exclusive original jurisdiction. (Const., art. 5, sec. 21.)·

The statute does not provide the procedure to be followed by the district court in remitting its judgment to the probate court after the questions presented by such appeal have been

determined.   C. S., sec. 6511, provides that when jurisdiction is conferred on a court or judicial officer all the means necessary to carry it into effect are also given; and in the exercise of the jurisdiction if the course of proceedings be not specifically pointed out by the statute any suitable mode may be adopted which is most conformable to the spirit of the code.   The district court having reached a correct conclusion that it had determined a question not before it in the entry of that part of the judgment ordered to be stricken, it had authority to recall its *remittitur* for the purpose of correcting its judgment in this respect and limiting the same to a decision of the question presented by the appeal, since it had not lost jurisdiction to correct such error by reason of the fact that the time for taking an appeal from its judgment to this court had not expired.

The judgment is affirmed, with costs to respondent.

Budge and Taylor, JJ., concur.

WM. E. LEE, Dissenting.—I have no particular fault to find with the conclusion arrived at by my associates if the trial court had jurisdiction to entertain and determine the motion to strike.   It is my view that on the determination by the district court of the question presented by the appeal, it was necessary that the judgment of the district court be certified to the probate court.   (*Fraser v. Davis*, 29 Ida. 70, 156 Pac. 913.)   Since the statute does not provide the procedure to be followed by the district court in remitting its judgment to the probate court, in such a case, under C. S., sec. 6511, the district court could adopt any suitable mode of procedure in conformity with the spirit of the code.   The district court adopted the procedure of immediately remitting its judgment to the probate court; it regularly made and entered its judgment and regularly remanded its judgment to the probate court.   When the district court regularly remanded its judgment to the probate court it lost jurisdiction to recall *its* judgment from the probate court and entertain or grant the motion to strike.   It is the general rule of law that the jurisdiction of an appellate court

with respect to any particular case ceases when the case has been determined and regularly remanded to the court from which the appeal was taken, although the rule is otherwise where the judgment is irregularly or inadvertently remitted. (*State v. Ramirez*, 34 Ida. 623, 203 Pac. 279; *Legg v. Over-bagh*, 4 Wend. 188, 21 Am. Dec. 115, and note; *Ott v. Boring*, 131 Wis. 472, 11 Am. & Eng. Ann. Cas. 857, and note, 111 N. W. 833; *Thomas v. Thomas*, 27 Okl. 784, 113 Pac. 1058, 35 L. R. A., N. S., 133; 2 Cal. Jur., Appeal and Error, secs. 633 and 634; 2 R. C. L., Appeal and Error, sec. 217.) No reason has been suggested and I know of none why the foregoing rule should not apply to the district court with respect to its appellate jurisdiction.