(No. 4574.   April 28, 1927.)

## EMMA C. LARSEN, Appellant, v. LOIS LARSEN, Respondent.

[256 Pac. 369.]

DESCENT AND DISTRIBUTION — PERFORMANCE OF CONTRACT — INSUFFICIENCY OF COMPLAINT—JUDGMENT—DECREE OF PROBATE COURT NOT SUBJECT TO COLLATERAL ATTACK—JURISDICTION OF PROBATE COURT.

1. Complaint by mother of deceased against widow, alleging agreement for specific performance of contract stipulating certain real estate was deceased's separate property and for its equal distribution, was insufficient to state a cause of action, in view of C. S., secs. 7730, 7925, 7930, 7931, giving probate court jurisdiction to determine persons entitled to property of deceased and proportions and parts to which each was entitled.

2. Agreement between mother and widow of deceased to effect that certain real estate was separate property of deceased and providing for its equal distribution *held* not to constitute an agreement of conveyance.

3. Decree of probate court determining character of property as between widow and mother under C. S., sec. 7793, subd. 2, and sec. 7803, *held* not subject to collateral attack by independent action by mother for specific performance of agreement, stipulating that certain property was deceased's separate property and providing for equal distribution.

4. Observance or enforcement of agreement between mother and widow of deceased stipulating that certain real estate was deceased's separate property, and providing for its equal distribution, *held* a matter for probate court.

5. Mother of deceased, by appearing in probate court, became bound by decision therein that property of deceased was community property, and, in absence of fraud or mistake, decree therein, subject to reversal or modification on appeal, became final and conclusive.

6. Under Const., art. 5, sec. 21, probate courts have exclusive jurisdiction over estates of deceased persons, subject to appeal, and orders in exercise of jurisdiction cannot be impeached on collateral attack.

APPEAL from the District Court of the Seventh Judicial District, for Canyon County. Hon. Ed. L. Bryan, Judge.

Action by mother of Lewis V. Larsen, deceased, against his widow, for specific performance of contract stipulating certain real estate to be the separate property of deceased and providing for its equal distribution between plaintiff and defendant. Demurrer to complaint sustained, and judgment dismissing plaintiff's action. *Affirmed.*

Hawley & Hawley, for Appellant.

A complaint stating facts sufficient to constitute a cause of action is not subject to a general demurrer. (C. S., secs. 6687, 7730; *William Hill Co. v. Lawler*, 116 Cal. 359, 48 Pac. 323; *Cardoner v. Day*, 253 Fed. 572; *Salisbury v. Spofford*, 22 Ida. 393, 126 Pac. 400; *Kohny v. Dunbar*, 21 Ida. 258, Ann. Cas. 1913D, 492, 121 Pac. 544, 39 L. R. A., N. S., 1107; *Ewald v. Hufton*, 31 Ida. 373, 173 Pac. 247; *Peterson v.*

Publisher's Note.
6. See 11 R. C. L. 64.

See Courts, 15 C. J., sec. 421, p. 1009, n. 45; sec. 424, p. 1010, n. 64; sec. 428, p. 1018 n. 19 New; sec. 442, p. 1021, n. 82; sec. 443, p. 1021, n. 83.

Descent and Distribution, 18 C. J., sec. 157, p. 888, n. 85; sec. 166, p. 893, n. 74 New.

Judgments, 34 C. J., sec. 824, p. 518, n. 14; sec. 1410, p. 992, n. 60.

*Peterson,* 35 Ida. 470, 207 Pac. 425; *Chever v. Ching Hong Poy,* 82 Cal. 68, 22 Pac. 1081; *Glover v. Brown,* 32 Ida. 426, 184 Pac. 649; *Coats v. Harris,* 9 Ida. 458, 75 Pac. 243; *Flores v. Flores,* 55 Cal. App. 595, 204 Pac. 54; *Cooley v. Miller & Lux,* 156 Cal. 510, 105 Pac. 981.)

Where a contract is susceptible of more than one meaning the court should hear evidence of all the circumstances surrounding the making of the contract. (*Joy v. Rousseau,* 72 Cal. App. 179, 236 Pac. 972; *Holtham v. Savory,* 72 Cal. App. 497, 238 Pac. 136; *Tilden v. Hubbard,* 25 Ida. 677, 138 Pac. 1133.)

T. A. Walters, for Respondent.

The decree of distribution made by the probate court distributing the property to the defendant in this action was a conclusive adjudication of his right to the property as the heir of Lewis V. Larsen, deceased, and was final and concluded the rights of the plaintiff. Plaintiff's only remedy was to appeal from the decree of distribution. The trial court rightfully sustained the demurrer. (C. S., secs. 7729, 7730; *Connolly v. Probate Court,* 25 Ida. 35, 136 Pac. 205; *Estate of Blackington,* 29 Ida. 310, 158 Pac. 492; *Miller v. Mitcham,* 21 Ida. 741, 123 Pac. 941; *Daniels v. Isham,* 40 Ida. 614, 235 Pac. 902.)

The probate court had authority to determine the persons who, by law, were entitled to the property, and also the portions and parts to which each of these persons was entitled. If the decree was erroneous, the remedy was by appeal. (*In re Schmierer's Estate,* 168 Cal. 747, 145 Pac. 99; *O'Brien v. Nelson,* 164 Cal. 573, 129 Pac. 985; *Luscomb v. Fintzelberg,* 162 Cal. 433, 123 Pac. 247; *William Hill Co. v. Lawler,* 116 Cal. 359, 48 Pac. 323; *In re Ross' Estate,* 187 Cal. 454, 202 Pac. 641; *In re Scrimger's Estate,* 188 Cal. 158, 206 Pac. 65.)

BUDGE, J.—This appeal is from an order and final judgment of the district court dismissing appellant's action, after a general demurrer to the complaint was sustained. Appellant,

plaintiff in the court below, is the mother of Lewis V. Larsen, deceased, and respondent, defendant in the lower court, is the widow of said deceased. The sole question for determination is whether or not the complaint states a cause of action.

[1] The complaint alleges the entering into of an agreement between plaintiff and defendant containing the following stipulations: That Lewis V. Larsen died intestate, leaving surviving him as heirs his widow and mother; that at the time of his death the deceased was possessed of certain real and personal property, a portion of which was community property of the deceased and his widow, and that the parties to the agreement, "for the purpose of avoiding litigation have stipulated and agreed between themselves" that certain described real estate constituted the separate property of the deceased and should be divided equally between them at the time of the distribution of the estate.

It is further alleged in the complaint that on December 4, 1923, defendant filed a petition in the probate court in the matter of the estate of Lewis V. Larsen, deceased, asking that all of said real estate be distributed to her as community property; that thereafter plaintiff filed written objections to defendant's petition, setting out as grounds for objection that the agreement of the parties was that the property involved was separate property of the deceased and should be equally divided between plaintiff and defendant; that defendant resisted said objections, repudiated the agreement, and renewed her request to have the property distributed as community property.

The complaint further alleges the issuing of a decree of distribution by the probate court wherein the property in dispute was declared to have been the community property of the deceased and defendant, and that the same was distributed to defendant; and that though demanded so to do, defendant has, in violation of her agreement and contrary to the provisions thereof, failed, neglected and refused to convey to plaintiff an undivided one-half interest, or any interest at all, in and to said real estate, and has completely

repudiated said agreement and refuses to carry out the provisions thereof. The prayer is for specific performance of the agreement, requiring defendant to make a conveyance to plaintiff of an undivided one-half interest in and to the real estate described, and for an accounting of the income, profits and expenses thereof.

From a reading of the agreement, which we do not think ambiguous or uncertain, and which is made the foundation of appellant's action, it appears that at the time it was entered into, appellant and respondent labored under the belief that the property in controversy was the separate property of the deceased. Whether the property was separate property or community property was one of the questions to be determined by the probate court and by the parties submitted to that court for its decision. That court had authority to determine the persons who by law were entitled to the property, and also the proportions or parts to which each was entitled; who were the heirs of the deceased and who were entitled to succeed to the estate and their respective shares and interests therein. (C. S., secs. 7730, 7925, 7930, 7931; *Miller v. Mitcham,* 21 Ida. 741, 745, 123 Pac. 941.) The probate court found that the real estate in question was community property and so decreed it, from which decree no appeal was taken.

[2] An examination of the agreement between the parties herein does not disclose that the surviving widow of the deceased conveyed thereby, or agreed to convey, to appellant, one-half of the real estate of which the deceased died seised, or any interest therein. It cannot be said, therefore, that the agreement was one of conveyance, or an agreement to convey.

Both of the parties appeared before the probate court, respondent there insisting that the property was the community property of herself and deceased husband, and appellant contending that it was the separate property of the deceased. Had the property been found by the probate court to have been the separate property of the deceased, appellant would have taken a proportionate part thereof as

an heir (C. S., sec. 7793, subd. 2); while, upon the other hand, if the property was found to belong to the community, the surviving spouse would be entitled to all of it. (C. S., sec. 7803.)

[3-6] The question of the character of the property was submitted to the probate court for its decision. Since the only question presented to the probate court was the determination of the character of the property, and that court having found adversely to appellant in that it decreed the real estate to be community property and distributed the same to respondent, from which decree no appeal was taken, it is our opinion that the decree of the probate court cannot be collaterally attacked by an independent action. (*Connolly v. Probate Court*, 25 Ida. 35, 136 Pac. 205.) Giving to the agreement of the parties the weight or effect of a stipulation, its observance or enforcement was a matter for the probate court, and if that court's refusal to enforce the agreement was error, it could have been corrected on appeal. (*Grady v. Porter*, 53 Cal. 680.) By appearing in the probate court appellant became bound by the decision rendered therein, which, in the absence of fraud or mistake, or subject to be reversed, set aside, or modified on appeal, became final and conclusive. (*William Hill Co. v. Lawler*, 116 Cal. 359, 48 Pac. 323; *Benning v. Superior Court*, 34 Cal. App. 296, 167 Pac. 291; *Bacon v. Bacon*, 150 Cal. 477, 89 Pac. 317; *Miller v. Mitcham, supra.*) Probate courts have exclusive original jurisdiction over the estate of deceased persons, subject to appeal, and orders made in the exercise of their jurisdiction cannot be impeached upon collateral attack. (Const., art. V, sec. 21; *Maloney v. Zipf*, 41 Ida. 30, 33, 237 Pac. 632; *Clark v. Rossier*, 10 Ida. 348, 3 Ann. Cas. 231, 78 Pac. 358.)

We have reached the conclusion that the complaint fails to state a cause of action and that the lower court did not err in sustaining the demurrer. Affirmed. Costs to respondent.

Wm. E. Lee, C. J., and Givens, Taylor and T. Bailey Lee, JJ., concur.

Petition for rehearing denied.