**Virginia G. WHITE and Edgar L. White, Jr., Plaintiffs,**

**v.**

**Winnifred WHITE, Winnifred White, Executrix of the Estate of Edgar L. White, Conference Claimants Endowment Commission of the Idaho Annual Conference of the Methodist Church, Board of Missions. and Church Extension of the Idaho Annual Conference of the Methodist Church, Buelah Cass, Methodist Church of Filer, Idaho, and Edna Stillwell, Defendants.**

**Civ. A. No. 3108.**

United States District Court
S. D. Idaho.

Dec. 8, 1954.

G. C. Stuart and W. C. Stuart, Chariton, Iowa, Harry Benoit and E. L. Benoit, Twin Falls, Idaho, for plaintiff.

Earl E. Walker, Stephan, Stephan & Heap, Twin Falls, Idaho, for defendant.

TAYLOR, District Judge.

This cause is presently before the court on defendants' motions to dismiss for lack of jurisdiction. Oral argument has been heard, and briefs have been filed by counsel for all parties.

On May 19, 1948, testator, Edgar L. White, Sr., executed a last will and testament. On July 5, 1949, he executed a codicil thereto. It is admitted by answers to interrogatories that testator's will and codicil thereto were admitted

to probate in the Probate Court of Twin Falls County, Idaho, plaintiffs appearing by counsel in said proceeding in June of 1954. On August 9, 1954, plaintiffs' complaint alleging diversity of citizenship and the requisite jurisdictional amount was filed in this court.

Plaintiffs assert that certain specific bequests under the will were voided by the codicil, and, in the alternative, that said specific legatees, defendants herein, are estopped from claiming an interest in testator's estate because they failed to make their claims against the estate when payment of the amounts specified by the will fell due. Plaintiffs pray that, as between the parties to this suit, they be declared testator's heirs and legatees, and that title to certain property be quieted in them as against defendants. The executrix and all legatees mentioned in the will and codicil are parties to this action.

By this action, therefore, plaintiffs would have this court construe a will and quiet title in them as against the joined defendants in certain real property which is a part of testator's estate.

To ground jurisdiction over this controversy in this court, plaintiffs cite as authority Markham v. Allen, 1946, 326 U.S. 490, 66 S.Ct. 296, 297, 90 L.Ed. 256.

In the language of Chief Justice Stone, delivering the opinion of the Court in the Markham case, the question was, "whether a district court of the United States has jurisdiction of a suit brought by the Alien Property Custodian against an executor and resident heirs to determine the Custodian's asserted right to share in decedent's estate which is in course of probate administration in a state court." In holding that the district courts have such jurisdiction, the court noted that *"a federal court has no jurisdiction to probate a will or administer an estate,* the reason being that the equity jurisdiction conferred by the Judiciary Act of 1789, 1 Stat. 73, and § 24(1) of the Judicial Code, which is that of the English Court of Chancery in 1789, did not extend to probate matters." (Emphasis supplied.)

The Chief Justice also wrote that the equity jurisdiction thus conferred upon the federal courts is sufficient, "to entertain suits 'in favor of creditors, legatees and heirs' and other claimants against a decedent's estate 'to establish their claims' so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court." This is the language of the opinion upon which plaintiffs rely.

■ It is our understanding of the Markham opinion that the Trading with the Enemy Act, as amended by First War Powers Act 1941, Section 301, 55 Stat. 839, 50 U.S.C.A. Appendix, § 616, and Executive Order No. 9095, as amended by Executive Order 9193, 50 U.S.C.A. Appendix, § 6 note, 3 Code Fed.Reg. (Cum.Supp.) 1174, are material elements of that holding. The Court, in indicating that even without Section 17 of the Trading with the Enemy Act the district court had jurisdiction, referred to that grant of jurisdiction in the Judiciary Act of 1789 which conferred jurisdiction upon the district courts over suits commenced by the United States or an agency or officer thereof, 28 U.S.C.A. Section 1345. Therefore, *unless the broad equity jurisdiction conferred by the Judiciary Act is made applicable to a given suit by applicable federal law, or unless, as a matter of appropriate state law it rests in courts of general jurisdiction, it may not be exercised by a federal district court.* Since there is no federal law directing district courts to take jurisdiction of causes of the type presently before this court, Markham v. Allen is not controlling here.

In the Markham opinion, Chief Justice Stone cited with approval Sutton v. English, 1918, 246 U.S. 199, 38 S.Ct. 254, 256, 62 L.Ed. 664. The Sutton case was a bill in equity brought by the heirs-at-law of one Mary Jane Hubbard seeking a series of determinations: first, that a joint will of the decedent and her husband, who had pre-deceased her, was inefficacious to dispose of the community

property; second, that a judgment in a state court, obtained by some of the defendants, establishing their title to the community property as against Mary Jane Hubbard be set aside; third, that Mary Jane Hubbard's will be annulled so far as it gave the property in question to another of the defendants; and fourth, that the community property, thus having been shown to have been the separate estate of Mary Jane Hubbard and not to have been devised by her, be decreed to have passed to the plaintiffs, and be partitioned among them. Justice Pitney writing for the Court, said that "as the authority to make wills is derived from the states, and the requirement of probate is but a regulation to make a will effective, matters of strict probate are not within the jurisdiction of courts of the United States; *that where a state, by statute or custom, gives to parties interested the right to bring an action or suit inter partes, either at law or in equity, to annul a will or to set aside the probate, the courts of the United States, where diversity of citizenship and a sufficient amount in controversy appear, can enforce the same remedy, but that this relates only to independent suits, and not to procedure merely incidental or ancillary to the probate;* and, further, that questions relating to the interests of heirs, devisees, or legatees, or trusts affecting such interests, which may be determined without interfering with probate or assuming general administration, are within the jurisdiction of the federal courts where diversity of citizenship exists and the requisite amount is in controversy." (Emphasis supplied.) Having noted the equity jurisdiction of the federal courts, the Court proceeded to an examination of the jurisdiction of the state district courts in the state where the suit had arisen, and found that under appropriate state law the suit was a probate matter and cognizable only by the state probate court. Having concluded that jurisdiction over a suit in equity of the same character would not have existed in the county or district courts of the state, the Court held that the con-

troversy was not within the jurisdiction of the courts of the United States.

■ In this diversity case the federal law which controlled the Markham case is unrelated to the jurisdictional issues presented here. The question whether the case is a probate matter and for that reason beyond the scope of federal courts' jurisdiction is one of state law. It follows, then, under the rule of the Sutton case, that we must proceed to an examination of the jurisdiction of the Idaho court over probate matters and what, under Idaho law, constitutes a probate matter. In order for this suit to come within the jurisdiction of this court, it must appear that Idaho district courts would have jurisdiction over a cause of the same character; i. e., it is a question of Idaho law whether this is a probate matter.

Article 5, Section 21, Constitution of the State of Idaho, states as follows:

"The probate courts shall be courts of record, and shall have original jurisdiction in all matters of probate, settlement of estates of deceased persons, and appointment of guardians; also jurisdiction to hear and determine all civil cases wherein the debt or damage claimed does not exceed the sum of five hundred dollars, exclusive of interest, and concurrent jurisdiction with justices of the peace in criminal cases."

Circuit Judge Wilbur writing for the Court, the Court of Appeals for the Ninth Circuit construed this section in Asher v. Bone, 1938, 100 F.2d 315, 317. It was said there that, "The jurisdiction to determine the interest of respective claimants of an estate in Idaho is *exclusively* in the probate courts of that state having jurisdiction of the proceeding and the determination thereof by such probate court, whether right or wrong, is conclusive and subject only to be reversed, set aside or modified on appeal. Article 5, § 21, Constitution of Idaho; § 15-1307, Idaho Codes Annotated; § 15-1706, Idaho Codes Annotated; Miller v. Mitcham, 21 Idaho 741, 123 P. 941; Larsen v. Larsen, 44 Idaho 211, 256 P. 369."

(Emphasis supplied.) At another point in the opinion the Court noted that, "It is the duty of the court in probate matters to determine the rights of the legatees under the terms of the will."

The State of Idaho, by legislation, again has made it clear that the construction of a will is a probate matter, and falls within the exclusive jurisdiction of the probate courts. There is statutory language explicitly delegating to said courts the jurisdiction to determine heirship; Sections 15–1307, 15–1701, and 15–1706, Idaho Code; and by statutory law it is expressly provided that the district courts' jurisdiction to construe wills and over probate matters is appellate and not original. Sections 15–1509 and 15–1510, Idaho Code.

The Supreme Court of the State of Idaho has held that probate courts in this state have *exclusive original jurisdiction* in the settlement of estates of deceased persons, and that it is within the jurisdiction of those courts to determine who are the heirs of a deceased person, who is entitled to the estate, and what are their respective shares and interests therein. Miller v. Mitcham, 1912, supra; Larsen v. Larsen, 1927, supra; Maloney v. Zipf, 1925, 41 Idaho 30, 237 P. 632. Neither during oral argument nor in their briefs have plaintiffs presented the court with authority indicating that a district court in Idaho would have jurisdiction over a suit of this character. The court itself has discovered no such authority, and we are satisfied that in Idaho the probate courts have exclusive jurisdiction of probate matters which includes interpretation of wills and determination of the rights of persons named therein.

█ Inasmuch as it appears that an Idaho district court would not have jurisdiction over this cause had it been filed there, and in keeping with the foregoing analysis of the pertinent law, it follows that this court does not have jurisdiction.

Therefore, it is ordered that each of the motions to dismiss be, and the same hereby is, granted.